Syllabus.    Statement of the case.

## PHINEAS COON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 20, 1881.*

1. EVIDENCE—*leading questions.* Where the only witnesses testifying, who show any criminal conduct in one accused of crime, are two little girls, aged eleven and nine years, and the court allows leading questions to be propounded to each of them upon the most material and vital part of the accusation, against the objection of the prisoner, a judgment of conviction will be reversed. The tender age of the witnesses affords cogent reasons why leading questions should not be allowed.

2. Leading questions may be resorted to under certain circumstances, as, where the propounding of general questions has been tried and there has been a failure to get specific answers, either by reason of the stupidity of the witness or of a disposition to prevaricate, as developed by an examination.

3. The erroneous toleration of leading questions will not, in all cases, constitute sufficient cause for reversing a judgment, but where the statements of the witnesses are very improbable and well nigh incredible, and where the questions complained of relate to the vital points of inquiry, and where no reason or necessity for resort to such questions is made to appear, and it is plain that it is an abuse of the discretion of the court, the judgment will be reversed for that error alone.

4. INSTRUCTION—*should not intimate what evidence shows.* It is error for the court in an instruction to intimate that certain things have been shown from the evidence, and then tell the jury they should take them and all the other circumstances into consideration.

5. SAME—*singling out certain facts.* On indictment for an assault with intent to commit a rape, it is not proper, in an instruction, to gather a cluster of circumstances stated by the witnesses, and present them as proper to be considered in determining the defendant's intent, making no mention of other circumstances pointing in a different direction as to intent.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Coon was indicted in the court below for an assault with intent to commit a rape. A trial resulted in a judgment of conviction. The defendant thereupon sued out this writ of error.

Messrs. Brown & Meers, for the plaintiff in error.

Mr. James K. Edsall, Attorney General, and Mr. James R. Flanders, State's attorney, for the People.

Mr. Justice Dickey delivered the opinion of the Court:

In this case, the proofs are far from satisfactory as a foundation for the conviction of the accused of any offence known to the law as crime. It is not necessary, however, that the sufficiency of the evidence to that end should be discussed or determined, as the judgment must be reversed for errors as to the law.

The only witnesses for the prosecution, who make any statements tending to show any conduct on the part of the accused, which, in any sense, can be held to constitute crime, are two little girls, one of them eleven years old, and the other nine. Against the objection of the counsel for the prisoner, the court permitted a series of leading questions to be put to each of these witnesses, and to be answered. The questions and answers referred to relate to most material parts of the accusation. In fact, on a careful reading of the bill of exceptions, it appears that very nearly every portion of the testimony imputing even improper conduct to the accused, is expressed by the words "yes" and "no," made as answers, in every instance, to questions directly indicating that the answer given was the answer sought by the prosecution. It is said that the tender years of the witnesses rendered it allowable to pursue this course of examination. It is true that leading questions may lawfully be resorted to under certain circumstances, as, where the propounding of general questions has been tried and there has been a failure to get specific answers, either by reason of the stupidity of the witness or of a disposition to prevaricate, developed by an examination upon such general questions, and in perhaps some other special cases. It is a question on which the court should exercise a sound discretion. The general rule,

however, is, that leading questions are improper, and this general rule ought not to be departed from unless for some proper and apparent cause. No such cause is shown here. The tender age of these witnesses, instead of furnishing a good reason for departing from the rule with some apparent necessity, did, in fact, furnish a cogent reason why leading questions should not have been permitted; for we all know that children of such age are usually more liable to be misled in that way than are witnesses of more mature years. We do not say that leading questions may not, under some circumstances, be permitted, properly and lawfully, nor is it intended to decide that the erroneous toleration by the court of leading questions will, in all cases, constitute sufficient cause for reversing the judgment of such court; but in a case like this, where the statements of the witnesses are, under the circumstances, very improbable and well nigh incredible, and where the leading questions complained of relate to the most vital points of the inquiry, and where no reason or necessity for resort to such questions is made to appear, and where it is plain that it is an abuse of the discretion of the court, we feel compelled to reverse, and for that cause alone.

There is another error in this record which should be noticed. An instruction to the jury, given at the request of the prosecution, and against the objection of the accused, was in the following words:

"In determining the intent with which the alleged assault was made by the defendant, if the jury believe, from the evidence, an assault was made, the jury may and should take into consideration the place where the assault was made, the manner of the assault, what the defendant did to the child while he had her on the floor, the position in which he lay upon said child, and all his acts during the time of the transaction, and all the other circumstances attending the assault, as shown by the evidence,—if the jury believe, from the evidence in this case, beyond a reasonable doubt, that the

defendant did make the assault upon the person of the prosecuting witness, Charlotte Houck."

To the giving of which instruction defendant then and there excepted.

This instruction contains a plain intimation from the court that it had been "shown by the evidence" that the accused had the child on the floor, and that he did something "to the child while he so had her on the floor, and that he lay upon said child;" and if the jury "believe, from the evidence in this case, beyond a reasonable doubt, that the defendant did make the assault upon the person of the prosecuting witness," they are told they *should* take into consideration the above and all other circumstances attending the assault, as shown by the evidence.    Now, whether the evidence showed the circumstances, or any of them, here referred to, were questions for the jury, and no intimation by the court should be given to the jury whether any alleged circumstance has been shown by the evidence.

Again, this instruction gathers a cluster of circumstances stated by witnesses, and presents them as proper to be considered "in determining the intent," and makes no mention of other circumstances which the testimony tended to show, and which were equally proper for the consideration of the jury on this question of intent, and which, if true, pointed in a different direction as to intent.   No mention is made of circumstances mentioned by the witnesses tending to show that what occurred was done in broad daylight, in a house whose doors were wide open, and in which was his own daughter, and which was adjacent to neighbors, and to which the wife of the accused was liable to come at any moment; and what occurred was done in the presence of another child nine years old; and the testimony tending to show that the accused must have known that if he should carnally know that child, at that time, a serious and immediate wounding of the child would necessarily result therefrom, and bring about immediate exposure of his crime,—these considerations tending to

repel the idea that the accused intended then and there to consummate and accomplish upon that child the higher and shocking crime .charged in that count of the indictment. Such instructions have repeatedly been condemned by this court as misleading in their character.

Another very grave question is pressed upon our attention. It is contended, that under the first count of this indictment no conviction can lawfully be had of "an assault with intent to commit a rape." It is insisted that the words in that count charging an assault are not material or traversable; that the count, on its face, is good without the allegation of an assault, and hence the substance of the count does not embrace a charge of an assault. On the other hand it is contended, that under our statute a child under ten years of age is made incapable of consenting, and an attempt to have carnal knowledge of such a child, even with her actual consent, necessarily includes an assault. The determination of this case by this court does not depend upon the decision of that question. The authorities on the question are not in harmony with each other. We therefore think it unnecessary at present to decide it.

For the errors indicated, the judgment of conviction is reversed, and the cause remanded.

*Judgment reversed.*