NATHAN CHAMBERS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 31, 1883.*

1. NEW TRIAL—*when the evidence is contradictory—instructions.* Where the evidence is conflicting and contradictory in a criminal case, so that if the jury had been properly instructed this court would not feel it its duty to interfere with a verdict finding the defendant guilty, yet if there is enough evidence favorable to the defendant to raise a reasonable doubt whether the jury would have returned such verdict if properly instructed, and they have not been so instructed, a new trial will be granted.

2. WITNESS—*credibility of defendant in a criminal case.* On the trial of one for an assault with intent to commit a rape, where the prosecuting witness and the defendant both testified, and their testimony was directly contradictory, the court instructed the jury that they were not bound to believe the evidence of the defendant in a criminal case, and treat it the same as that of other witnesses, but that they might take into consideration the fact that he was defendant, and give his testimony such weight as, under all the circumstances, they thought it entitled to: *Held,* that the instruction was calculated to mislead, and erroneous.

3. Under the statute making a defendant charged with crime a competent witness, his testimony is subjected to the like tests, for the purpose of determining the reliance to be placed upon it, as that of other witnesses. In all cases the interest or bias which may sway a witness to pervert the truth may be taken into consideration, for the purpose of determining what credit shall be given to his evidence.

4. Such a person, when introduced as a witness in his own behalf, is to be examined and cross-examined precisely as other witnesses, and he may likewise be impeached in precisely the same mode. The accused, as a witness, differs from other witnesses only in the fact that he is the defendant charged and being tried for crime, which may be taken into consideration by the jury in passing on his credibility, but his testimony must be treated the same as that of any other witness; nor can it be treated, as a matter of law, as not having the same effect and weight as that of other witnesses. Whether it should or not, is a question of fact for the jury to decide,—and this is the rule in regard to all the other witnesses.

5. SAME—*corroborative evidence giving additional weight to evidence.* The fact that one prosecuting for an assault upon her with intent to commit a rape, is of good fame, or presently discovered the offence, and showed circumstances and signs of injury, and that the one accused flees, the author-

ities say, will give greater probability to her testimony than it otherwise would have; but to say, "these and the like are concurring circumstances, which give *great* probability to her evidence," is stating the rule of law too strongly in an instruction.

6. INSTRUCTION—*assuming facts not proved or controverted.* Where the facts are not proved, or are controverted, and the evidence is conflicting, the court, in instructing the jury, can not assume them to be true without usurping the province of the jury, and it is error to do so. The facts should be submitted, on the evidence, to the jury. The fact that the court states the law applicable to particular states of the case, is of itself an assumption that such states of case exist, it not being presumed a court will state the law to the jury in reference to questions not before them. Neither is it proper that an instruction should, even hypothetically, give a one-sided or partial view of the facts.

7. The use of the word "if" before each statement of fact in an instruction stating facts, but failing to state how any *quære* thereby raised is to be solved, whether by reference to the evidence or otherwise, and not even referring the solution of it to the jury, will not render the instruction free from the objection that it assumes the facts stated, to exist.

8. On the trial of one for an assault with intent to commit a rape, the court instructed the jury "that any fact and circumstance that concurs with the testimony of the prosecutrix, such as, that if she be of good fame, or if she presently discover the offence; if she showed circumstances and signs of injury; if the offender fled,—these and the like are concurring circumstances, which give great probability to her evidence." There was no evidence that the prosecutrix showed signs and circumstances of injury, it not being pretended that she ever received or claimed to have received any injury from the defendant, and the evidence was conflicting whether she presently discovered the offence, and left it very doubtful whether the defendant fled when charged: *Held,* that the instruction was calculated to mislead, and was erroneous.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. J. M. HONEY, Mr. J. H. HALLEY, and Mr. D. TREXLER, for the plaintiff in error:

The court erred in instructing the jury that "they are not bound to treat the evidence of defendant the same as the evidence of other witnesses." The defendant in a criminal case, as a witness, is to be tried and treated as any other witness. *Gulliher et al.* v. *People*, 82 Ill. 145; *Bulliner* v. *People*, 25 id. 394; *Fleter* v. *State*, 49 Ind. 124.

The second of the People's instructions tells the jury that any fact and circumstance that concurs with the testimony of the prosecutrix, (meaning a number of circumstances not proven,) give great probability to her evidence. The circumstances cited, if proved, only give probability, not great probability, to her evidence. *Thompson* v. *State*, 38 Ind. 39 ; Waterman's United States Crim. Digest, 523, secs. 68, 74, 524.

The instruction gives undue prominence to this group of circumstances assumed to be proven, and was unfair and highly prejudicial to the defendant, and invaded the province of the jury. *Shaw* v. *People*, 81 Ill..150 ; *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Hall*, 90 id. 42; *City of Aurora* v. *Pennington*, 92 id. 564.

The court, in a criminal case, can not instruct as to a combination of facts assumed to be proven. *Weyrich* v. *People*, 89 Ill. 99 ; *Coon* v. *People*, 99 id. 371.

Where the evidence is conflicting, the jury should determine the facts without the interference of the court. *Swan* v. *People*, 98 Ill. 610 ; *Coon* v. *People*, 99 id. 368.

Mr. JAMES McCARTNEY, Attorney General, for the People :

The instruction as to the credence to be given to defendant's testimony is in accord with the statute. Criminal Code, sec. 426 ; *Bulliner* v. *People*, 95 Ill. 394.

The other instruction complained of as invading the province of the jury, does not come within the objections in the cases of *Swan* v. *People*, 98 Ill. 610, and *Coon* v. *People*, 99 id. 368. Nothing is assumed in it as proven, but the jury are directed "to give such credit to the testimony of each witness as, under all the circumstances, such witnesses seem to be entitled to."

Mr. GEO. W. FITHIAN, State's Attorney, and Mr. JOHN P. HEAP, also, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted in the court below of the crime of "an assault with intent to commit rape." The only witnesses of the acts alleged to constitute the offence were the prosecutrix and plaintiff in error. Both were examined as witnesses, and the evidence they gave as to the fact of such assault having been committed, was directly contradictory.

Although it is quite probable that if the jury had been fairly and accurately instructed as to the law, and still have found as they did, we should not feel it to be our duty to interfere with the verdict, yet there is enough evidence in the record favorable to plaintiff in error to raise in our mind reasonable doubts whether, if the jury had been so instructed, they would have returned the same verdict, and hence we can not say that the objections to which we conceive certain of the People's instructions obnoxious, did no injustice to plaintiff in error.

The first instruction, given at the instance of the People, is as follows:

"The court instructs the jury, for the People, that they are not bound to believe the evidence of the defendant in a criminal case, and treat it the same as the evidence of other witnesses, but the jury may take into consideration the fact that he is defendant, and give his testimony such weight as, under all the circumstances, they think it entitled to."

The language of the statute is: "No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime,"—thus expressly placing the defendant and all other witnesses, as respects competency, on an equality; "but," the statute proceeds, "such interest or conviction may be shown for the purpose of affecting his credibility,"—so, also,

in this respect as in others, subjecting his evidence to like tests, for the purpose of determining the amount of reliance to be placed upon it, as those to which the evidence of other witnesses is subject, for, in all cases, the interest or bias which may sway a witness to pervert the truth is to be taken into consideration, for the purpose of determining what credit shall be given his evidence. The law contemplates, by allowing persons charged with crime to become witnesses, that they may tell the truth, and if, in a given case, the jury shall believe such a witness does tell the truth, it must have precisely the same effect as if told by any other witness; and, on the other hand, if the jury shall believe that he does not tell the truth, they are not at liberty to give more or less credence to it than to the evidence of any other witness whom they disbelieve. Such a person, when introduced as a witness, moreover, is to be examined and cross-examined precisely as other witnesses, and he may, likewise, be impeached in precisely the same modes. It is, therefore, manifest that there is one respect only in which his evidence differs from that of any other witness, and this is in the fact that he is defendant,—the party being tried for the crime. That fact is to be taken into consideration in determining what reliance is to be placed upon his evidence, and, of course, can not be in any case where the witness is not the defendant charged with crime. The effect of the fact that the witness is the defendant charged with the crime, in disparaging or impeaching his evidence, all experience teaches, will vary with varying circumstances to be disclosed upon the trial, sometimes requiring disbelief and entire disregard of his evidence, while at others not sensibly disparaging it; and hence sometimes the jury will be required to treat it differently from the evidence of other witnesses whom they believe, but not then differently from the evidence of other witnesses whom they disbelieve,—and so, necessarily, the only difference between this and other evidence is, not in the way in which it shall

be treated, but in the credence that shall be given it, and that is, in all cases and with regard to evidence given by all other witnesses, precisely the difference between evidence that is unquestioned in every respect, and that which is claimed to be discredited by any circumstances presumptively impairing the probability of its accuracy. It can not, therefore, be true that the evidence given by the defendant charged with crime is not to be treated the same as the evidence of other witnesses. It could not even be true, as a universal proposition, that, as matter of law, it is not to have the same effect as the evidence of other witnesses. Many times it certainly can not have that effect, but there are times when it can and should,—and of this the jury are made the judges.

Counsel for the People contend this instruction is sanctioned by *Bulliner* v. *The People,* 95 Ill. 406. Expressions in this instruction are, doubtless, copied from language used in the opinion in that case, but there is nothing there that sanctions the feature in this instruction which we regard as erroneous and prejudicial to the plaintiff in error, namely, that which tells the jury they are not bound to treat the evidence of plaintiff in error as the evidence of other witnesses. There the defendant asked this instruction: "Under the law the evidence of the defendants is just as proper for your consideration in determining their guilt or innocence, as the evidence of other witnesses." This was modified by the court, and made to read thus: "Under the law the evidence of the defendants is proper for your consideration in determining their guilt or innocence, and should receive such weight as you think it entitled to." In reply to an objection of counsel for the defendants in criticizing this modification, to the effect that it allowed the jury to disregard the evidence of the defendants, we used the language relied upon by counsel here, saying: "This modification is entirely unobjectionable. The jury are not bound to believe the evidence of defendants, and may take the fact that they are defendants into consid-

eration, and give their evidence such weight as, under all the circumstances, they think it entitled to." It was not said and not intended the jury were to consider the evidence of the defendants in a manner different from that in which they considered the evidence of other witnesses, nor that they might arbitrarily or capriciously disregard it. They were not compelled to believe them, but were to take the fact that they were defendants into consideration, and give their evidence such weight, under all the circumstances, as they thought it entitled to,—and this would be precisely their duty in the case of all other witnesses. If discrediting facts existed, it would be the duty of the jury to take them into consideration, and give their evidence, under all the circumstances, (*i. e.*, under all the circumstances in legal presumption affecting the credibility and weight of evidence,) such consideration as they should think it entitled to receive,— meaning, manifestly, that consideration to be based upon and regulated by their belief under all the facts and circumstances in evidence.

*Hirschman* v. *The People*, 101 Ill. 568, also cited by counsel for the People, is not analogous.

The law contemplates, and a fair trial requires, that the jury shall enter upon the consideration of the evidence, (which, of course, includes the credit to be given to the several witnesses,) with unbiased and inquiring, and not with biased or prejudicate, minds. This instruction violates that principle by a sort of first blush condemnation of the evidence given by the plaintiff in error. The jury are not even told that it is competent, but at the outset they are warned that they are not bound to believe it, (which is undoubtedly true,) nor to treat it the same as the evidence of other witnesses, (which, as has been seen, we think is not true.) If they are not to treat it the same as the evidence of other witnesses, how are they to treat it? The inference of the jury would most probably be, that in legal presumption it is inferior,

under all circumstances, to other evidence, and of but little importance in ascertaining the truth, whereas it is for the jurors themselves to determine, under all the circumstances legitimately before them, the relative importance and weight it shall have in each particular case. The question is one of fact, and not one of law. The necessary tendency of the instruction was to mislead the jury, and it was error to give it.

The second instruction given by the court, at the instance of the People, was as follows:

"That any fact and circumstance that concurs with the testimony of the prosecutrix, such as, that if she be of good fame, or if she presently discover the offence; if she showed circumstances and signs of injury; if the offender fled—these and the like are concurring circumstances, which give great probability to her evidence."

The language of this instruction is too strong. The authorities do not say the circumstances here recited, when they exist, give "great" probability to the evidence of the prosecutrix, but that if she be thus corroborated they give greater probability to her evidence,—*i. e.*, than it would otherwise have. But this is a matter of minor importance, and perhaps, alone, would hardly vitiate the instruction,—at all events, we shall not now rest our judgment on that ground. It was not conceded upon the trial, but was contested, as the record sufficiently shows, that the facts were as recited in this instruction, and we can not say the jury were bound, by the evidence, to find that such were the facts. Indeed, as to the assumption that the prosecutrix showed circumstances and signs of injury, there is nothing in the evidence to sustain it. It is not pretended that, in point of fact, the prosecutrix received, or that she ever claimed to have received, any injury from plaintiff in error. Whether the prosecutrix presently discovered the offence, is a question upon which there is a conflict in the evidence, and if, as

seems to us a fair construction of the language employed warrants, the assumption that the offender fled is to be understood as meaning immediately after the alleged commission of the offence, and before any charge was made against him, the evidence, if it does not fail entirely to sustain it, certainly is not beyond question in that regard.

We do not, however, intend to express any opinion as to the weight of the evidence upon any of these questions of fact, which may, in any degree, affect a future trial, our purpose being simply to point out that they could not, without usurping the functions of the jury, be assumed by the court to be true, and the facts being controverted, to be determined from the evidence, should have been submitted to the jury, and it is error to assume their existence, as is done in the instruction. At common law the judge summed up the evidence, and made such comments upon it as he deemed necessary to show its connection and bearing. (1 Archbold's Criminal Practice and Pleading, (6th ed.) 171, *171; Best on Evidence, (1st Am. ed.) sec. 82.) And he might express to the jury his own opinion in regard to the weight of evidence. (*Commonwealth* v. *Child*, 10 Pick. 252; *The People* v. *Rathbun*, 21 Wend. 509; *Swift* v. *Stevens*, 8 Conn. 431; *Ware* v. *Ware*, 8 Greenlf. 42.) But all this is changed by our statute, which provides, "the court, in charging the jury, shall only instruct as to the law of the case." (Rev. Stat. 1874, p. 781, sec. 52.) And we have consequently held it is error for the court to assume or intimate, in instructions to the jury, what the evidence is upon any controverted question. (*Coon* v. *The People*, 99 Ill. 368; *Yundt* v. *Hartrunft*, 41 id. 9; *Shaw* v. *The People*, 81 id. 150; *Wilson et al.* v. *Bauman et al.* 80 id. 493; *Waldron et al.* v. *Marcier*, 82 id. 550; *Olsen* v. *Upsahl*, 69 id. 273; *Illinois Central R. R. Co.* v. *Benton*, id. 174.) So, also, we have held it is error to state the law to the jury, in instructions, on a one-sided or partial presentation of the facts. (*Chicago, Burlington and*

27—105 ILL.

*Quincy R. R. Co.* v. *Griffin,* 68 Ill. 499 ; *Evans* v. *George et al.* 80 id. 51 ; *Weyrich* v. *The People,* 89 id. 90.

But counsel for the People contend the instruction does not assume the existence of any facts, but leaves it hypothetical, and for the jury to determine whether there are such facts. If this were true, it hardly meets the objection that it is a one-sided and partial view of the facts, excluding from consideration, by implication, the countervailing proof. But we do not yield our assent to its correctness. The fact that the court assumes to state the law applicable to particular states of case, is, of itself, an assumption that those states of case exist, for it is not to be presumed a court would give the law to a jury while trying a case, with reference to questions not believed to be before them. The jury were here told that certain facts were concurring circumstances, which gave great probability to the evidence of the prosecutrix, and they were therefrom authorized to conclude the court supposed such facts were in proof before them, or that the court would otherwise not have alluded to them. Nothing is left to be found by the jury from the evidence on the subject. It is true the word "if" precedes each statement of fact, but it is not stated how any query thereby raised is to be solved, whether by reference to the evidence, or otherwise, nor is it referred to the jury to solve it. It was said in *Sherman et al.* v. *Dutch,* 16 Ill. 286 : "Instructions should be drawn upon a supposed state of facts to be found by the jury, and not assume the facts as determined. If the fact is so, the law is so, leaving the jury to find the fact." See, also, *Eames* v. *Burkhart,* 12 Ill. 195. And again, in *Ewing* v. *Runkle,* 20 Ill. 448, it was said : "A jury should be permitted to believe nothing, except that belief be occasioned by the evidence, and their minds should always be directed to that, and that alone, as the ground of their belief." We are therefore of opinion this instruction was calculated to mislead the jury, and it was error to give it, also.

It is unnecessary to express any opinion in regard to the other questions discussed in the brief of plaintiff in error, since, for the errors pointed out, there must be a reversal of the judgment, and a new trial, and upon that, in all probability, these questions will not again arise.

The judgment of the court below is reversed, and the cause remanded to that court for a new trial.

*Judgment reversed.*