THOMAS J. LAMBERT ET AL.

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Riot—Indictment—Grand Jury—Witnesses—Instructions.*

1. The record setting forth that the persons therein named have been returned by the sheriff to serve as grand jurors, that they are duly impaneled and sworn, and that the court appoints one of them as foreman, shows legal organization of the jury.

2. An indictment which alleges that defendants at a certain time "at and within the county of P., then and there being together, did riotously and with force and violence assault, beat, wound and ill-treat" a person, sufficiently charges the crime of riot and its place of commission.

3. On the trial of such indictment against three defendants, an instruction that if the jury believe that "the defendants or any two of them," riotously assaulted, etc., they shall find "the defendants" guilty, instead of "such" defendants, is erroneous.

4.  An instruction is improper which allows the jury to disregard the testimony of a witness if "he swore falsely," instead of requiring that he shall have " wilfully and knowingly " sworn falsely.

5.  An instruction in a criminal prosecution that the jury are not bound to believe defendant's testimony, and treat it the same as that of other witnesses, is erroneous.

[Opinion filed June 13, 1890.]

IN ERROR to the County Court of Pope County; the Hon. GEORGE A. CROW, Judge, presiding.

Messrs. W. S. MORRIS & SON, for plaintiffs in error.

Mr. DAVID G. THOMPSON, for defendants in error.

REEVES, P. J.  Plaintiffs in error were indicted for riot and found guilty.  A motion for a new trial and in arrest of judgment were overruled.  One ground upon which it is insisted the motion in arrest should have been sustained is that the record does not disclose the legal organization of the grand jury that found the indictment.  The record of the organization of the grand jury shows that " the following named persons (naming them) who have been returned by the sheriff to serve as grand jurors are duly impaneled and sworn.  The court appoints J. A. Stallious foreman of the grand jury."  This record shows the appointment of a foreman and that the grand jury were duly impaneled and sworn.  If they were duly impaneled and sworn, the foreman must have been selected and sworn and then the same oath that was administered to the foreman, administered to the other grand jurors.  The fact that the clerk in making up the record did not enter the several steps necessary in order to the legal organization of the grand jury in the exact order in which the several steps were necessarily taken, if the jury were duly impaneled and sworn, as the record shows they were, does not show that the jury was not properly organized.

The next ground urged in support of the motion in arrest is that the indictment does not aver when and where the riot

occurred. The language of the indictment is: "On the first day of September, 1888, at and within the county of Pope,' then and there, being together, did riotously and with force and violence assault, beat, wound and ill-treat Philip Meler," etc. It would seem that this language clearly imports that the riot was committed on the first day of September, 1888, at and within the county of Pope. It is contended that "then and there" can only be considered as applying to their being together, but when the character of the offense charged is considered, we think this construction too narrow. It should be read, " then and there being together, did," etc.

It is also contended that the indictment does not charge a criminal offense. The statute provides: " If two or more persons do an unlawful act with force and violence against the person or property of another, with or without a common cause of quarrel, or even do a lawful act in a violent and tumultuous manner, the persons so offending shall be deemed guilty of a riot." It has been seen that the indictment charges the defendants assaulted, beat, wounded, etc., Philip Meler. This certainly was, at least *prima facie*, an unlawful act. Again, it is charged that this assault was made riotously, and with force and violence. It would seem, if the offense of riot may be committed in doing a lawful act in a violent and tumultuous manner, persons might be guilty of the offense, even in defending themselves from an assault made upon them.

In support of the motion for a new trial, it was urged that the trial court gave improper instructions for the people. The evidence was of such character, and in such a condition of conflict as to require that the instructions should accurately state the law to the jury. By the first instruction given for the people, the jury were told, "if you believe from the evidence, beyond a reasonable doubt, that the defendants or some two of them, riotously, and with force and violence, assaulted, beat and wounded Philip Meler, then you should find the defendants guilty." If the word "such " before defendants in the last line, had been inserted, as the state's attorney in his brief claims it was, the instruction would have been

640      APPELLATE COURTS OF ILLINOIS.

VOL. 34.]      Cannon v. L., E. & St. L. Cons. R. R. Co.

proper; but upon reference to the record, we find the instruction as above stated. The second instruction is to the effect that if the jury believe that the defendants Thomas J. Lambert and Duff Lambert, or either of them, swore falsely to any material matter, etc., when it should have said, wilfully or knowingly swore falsely, etc. The third instruction told the jury that while the defendants are competent witnesses in their own behalf, the jury are not bound to believe their evidence and treat it the same as that of other witnesses. We can not indorse such an instruction. While it is proper, when a defendant testifies in his own behalf, to say to the jury that they may take into consideration his interest in the result of the suit as affecting his credibility, there is no authority for placing him in a separate, inferior class from all other witnesses, and telling a jury that they are not bound to treat him the same as other witnesses. The same instruction is condemned in Chambers v. People, 105 Ill. 409. Without further comment upon the instructions, we deem the error in those mentioned sufficient, in view of the conflict and character of the testimony, to require a reversal of the judgment of the County Court. Judgment reversed and cause remanded.

*Reversed and remanded.*