ANNA B. SCHULTZ

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 23, 1904.*

1. CRIMINAL LAW—*rule as to testing testimony of the accused.* Under section 6 of division 13 of the Criminal Code the testimony of the accused must be considered fairly and impartially and be subjected to the same tests as are applied to the testimony of other witnesses.

2. SAME—*when instruction as to test of testimony of accused is erroneous.* An instruction in a criminal case requiring the jury to treat the testimony of the accused the same as that of any other witness, and "subject her to the same tests, and only the same tests, *except so far as relates to her interest,* as are legally applied to the other witnesses," is erroneous in using the words italicized.

3. SAME—*accuracy of instructions is important if issues are close.* If the issues are close or the acquittal or conviction of the accused may depend upon the weight given to his testimony, it is of the highest importance that the jury be correctly instructed with reference to weighing the same.

4. EVIDENCE—*when introduction of stolen property in evidence is error.* On a trial for receiving and concealing certain stolen rings, other rings claimed to have been stolen at the same time but which it is not claimed were ever in the possession of the accused are not admissible in evidence.

5. SAME—*the identity of alleged concealed property must be established.* In a prosecution for receiving and concealing alleged stolen property, the burden is upon the prosecution to prove the identity of the property received or concealed by the accused as being the same property alleged in the indictment to have been stolen.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On September 26, 1903, the plaintiff in error, Anna B. Schultz, a colored woman and practicing physician in Chicago, was indicted on a charge of receiving stolen property, to-wit, one ring of the value of $180.00, and one ring of the value of $120.00, the property of one Louis Weber, one Henry L. Weber and one Jacob Weber, partners, doing business as Louis Weber & Co. On December 30, 1903, a jury trial was had, which resulted in a

verdict of guilty.   After overruling the motion for new trial, judgment was rendered upon the verdict, and plaintiff in error was sentenced to confinement in the State penitentiary under the Indeterminate Sentence law. The present writ of error is sued out for the purpose of reviewing said judgment.

EDWARD H. MORRIS, for plaintiff in error.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and FREDERICK L. FAKE, Jr., for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

.We forbear to express any opinion upon the facts of this case, as the judgment must be reversed and the cause remanded for a new trial because of the errors hereinafter referred to.

*First*—Upon the trial below plaintiff in error asked the court to give the instruction hereinafter set forth without the modification contained in the brackets; but the court refused to give the instruction as asked, and modified it by inserting the words embraced within the brackets.  It is assigned as error by the plaintiff in error that the court did not give the instruction as originally drawn, but modified the same in the respect indicated.

The instruction, as given by the court after it was modified, is as follows:

"The court instructs the jury that the defendant is a competent witness in her own behalf, and you have no right to discredit her testimony from caprice, nor merely because she is the defendant.   You are to treat her the same as any other witness and subject her to the same tests and only the same tests, [except as far as relates to her interest], as are legally applied to other witnesses; and while you have the right to take into consideration the interest she may have in the result of this trial, you

have also the right, and it is your duty, to take into consideration the fact, if such is the fact, that she has been corroborated by other creatable [credible] evidence."

The instruction, as originally submitted by plaintiff in error to the court, did not contain the words, "except as far as relates to her interest," contained in the brackets. The instruction, as originally drawn and without the modification inserted in the brackets, is a literal copy of an instruction set forth in *McElroy* v. *People*, 202 Ill. 473, and which was there approved by this court. The same instruction, as set forth in *McElroy* v. *People, supra,* was asked by the defendant in that case, and was refused, and we there said: "We think the court erred in refusing to give the instruction asked to that effect."

Section 6 of division 13 of the Criminal Code provides that "no person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility." (1 Starr & Curt. Ann. Stat. —2d ed.—p. 1397). In construing this statute, this court has always held that the testimony of a defendant in a criminal case should be considered fairly and impartially, and that it should be tested by, and subjected to, the same tests as are applied to the testimony of other witnesses. (*Chambers* v. *People,* 105 Ill. 409; *Sullivan* v. *People,* 114 id. 24; *Hellyer* v. *People,* 186 id. 550; *Henry* v. *People,* 198 id. 162).

By the modification of the instruction above set forth the trial court said to the jury, in substance, that they might apply a different rule to the testimony of the plaintiff in error from that which they applied to the testimony of other witnesses, when they should undertake to consider her interest. The instruction should have been given, as originally drawn and without the modification, as it had been approved by this court in *McElroy* v. *Peo-*

*ple, supra.* As the plaintiff in error was a defendant in the suit, she was of course an interested witness; but, in determining the credibility to be given to her testimony, she was not under the statute to be treated any differently from any other interested witness. The instruction as modified, told the jury, in substance, that a different test might be applied to the testimony of the plaintiff in error, so far as her interest in the suit was concerned, from that which should be applied to any other witness, who might be interested in the cause. It was error to tell the jury to treat plaintiff in error "the same as any other witness and subject her to the same tests and only the same tests, (except as far as relates to her interest), as are legally applied to other witnesses." The same test should be applied to the testimony of a defendant in a criminal case when such defendant is considered an interested party, as is applied to the testimony of any other witness who may have an interest in the suit.

In *Hellyer* v. *People, supra,* we said in reference to an instruction there given in behalf of the People (p. 554): "This instruction told the jury they were not bound to treat the testimony of the defendant the same as the testimony of other witnesses, which, under the rulings of this court, is not the law. While the jury, when the defendant testifies in his own behalf, may rightfully take into consideration his interest in the result of the suit as affecting his credibility, the law does not authorize the court to place him in a separate and inferior class from all other witnesses by telling the jury they are not bound to treat his testimony the same as the testimony of other witnesses." After the instruction above set forth was modified, the court thereby placed the plaintiff in error, as an interested witness, in a separate and inferior class from all other interested witnesses by telling the jury in effect, that they were not bound to treat her testimony the same as the testimony of other witnesses, so far as it related to her own interest. In *Chambers* v. *Peo-*

*ple, supra,* after setting forth the language of the statute as above quoted, we said that the statute expressly placed "the defendant and all other witnesses, as respects competency, on an equality; 'but,' the statute proceeds, 'such interest or conviction may be shown for the purpose of affecting his credibility,'—so, also, in this respect as in others, subjecting his evidence to like tests, for the purpose of determining the amount of reliance to be placed upon it, as those to which the evidence of other witnesses is subject, for, in all cases, the interest or bias, which may sway a witness to pervert the truth, is to be taken into consideration, for the purpose of determining what credit shall be given his evidence.   *   *   *   The law contemplates, and a fair trial requires, that the jury shall enter upon the consideration of the evidence, (which, of course, includes the credit to be given to the several witnesses,) with unbiased and inquiring, and not with biased or prejudicate, minds. This instruction violates that principle by a sort of first blush condemnation of the evidence given by the plaintiff in error.   *   *   *   If they are not to treat it the same as the evidence of other witnesses, how are they to treat it?   The inference of the jury would most probably be, that in legal presumption it is inferior, under all circumstances, to other evidence, and of but little importance in ascertaining the truth, whereas it is for the jurors themselves to determine, under all the circumstances legitimately before them, the relative importance and weight it shall have in each particular case.   The question is one of fact, and not one of law.   The necessary tendency of the instruction was to mislead the jury, and it was error to give it," as modified.   By the use of the words, "so, also, in this respect as in others, subjecting his evidence to like tests," this court in *Chambers* v. *People, supra,* held that the testimony of the defendant in a criminal case should be subjected to the same tests as other witnesses so far as his interest in the suit is con-

cerned, as well as in any other respect. This modifica-tion placed the plaintiff in error in a different class, as an interested witness, from other interested witnesses.

Where the issues are close, or the acquittal or convic-tion of the defendant may depend upon the weight given to the testimony of the defendant, it is a matter of the highest importance, so far as the rights of the defend-ant are concerned, that the jury should be correctly in-structed in reference to the weight to be given to the evidence of the defendant. (*Sullivan* v. *People,* 114 Ill. 24.) After a careful examination of all the instructions given for the plaintiff in error and for the People upon the trial below, we are unable to discover that the defect, caused by the modification of the instruction here under consideration, was cured by any other instruction which was given.

*Second*—We are of the opinion that the court below committed error in admitting in evidence certain rings other than the stolen rings, alleged to have been pur-chased by the plaintiff in error with knowledge that they were stolen.

One George Wilkinson testified that he stole a num-ber of rings from the show-case of Louis Weber & Co.; that he took these rings, some five or six in number, to the house of a colored woman by the name of Kid Davis; that Kid Davis had all the rings in a box, and showed them to plaintiff in error, and that plaintiff in error pur-chased two of them, which were diamond rings, or rings set with a number of diamonds. The charge against the plaintiff in error was, that she purchased at a figure largely less than their real value two of these rings, to-wit, the diamond rings, knowing that they had been stolen by Wilkinson. The proof shows that the two stolen rings, which were charged to have been purchased by the plaintiff in error, were never recovered by Louis Weber & Co., their owners, and were not produced upon the trial. Wilkinson, as he says, or as the testimony tends

to show, had given the two rings in question, and several other rings and other jewelry, to the woman, Kid Davis, to keep for him. It is not claimed on the part of the prosecution that plaintiff in error purchased any other than the two rings described in the indictment; but the other rings, which she did not purchase, and which were in the possession of Kid Davis, were produced upon the trial, and were admitted in evidence, and were exhibited to the jury.

We are not aware of any rule of evidence, which would permit the introduction of these other rings and this other jewelry in evidence, as it is not charged or claimed that plaintiff in error purchased these other rings and this other jewelry, or had anything to do with them. It may be true that George Wilkinson, the alleged thief, stole all of the rings in question, but plaintiff in error was not on trial for the theft of the rings, but was on trial for concealing stolen property, knowing it to have been stolen. While it may have been perfectly competent to introduce in evidence the rings which she purchased, if they had been in the possession of the State, yet it was not proper to parade before the jury a number of rings, and jewelry, received by Kid Davis from Wilkinson, and not purchased or bargained for by the plaintiff in error. Their introduction was an attempt to show the commission of a separate and distinct crime, not by plaintiff in error, but by Wilkinson.

A number of cases have been decided by this court where the general rule, that proof of a distinct, substantive offense cannot be admitted in support of another offense, has been relaxed; but wherever the rule has been held not to apply, it has appeared that the evidence of another offense tended in some way to prove the accused guilty of the crime for which he was on trial, or it appeared that there was a connection between the two cases in the mind of the actor, linking them together for some purpose he intended to accomplish, or there was

such logical connection between the two acts that the one tended to establish the other, or the two cases formed but one transaction. (*Lyons* v. *People*, 137 Ill. 602; *Painter* v. *People*, 147 id. 444; *Tudor Iron Works* v. *Weber*, 129 id. 535; *Springer* v. *City of Chicago*, 135 id. 552; *American Express Co.* v. *Spellman*, 90 id. 455; *Spies* v. *People*, 122 id. 1; *Henry* v. *People*, 198 id. 162.) In some of the cases referred to, articles have been allowed to be introduced in evidence where the nature or character of the crime or injury could be better explained by their production, or where the physical objects thus introduced formed a part of, or served to illustrate, the transaction or occurrence, which was the subject of judicial investigation. But, in the case at bar, the rings and other jewelry, which plaintiff in error did not negotiate for the purchase of, could not, by their introduction and exhibition to the jury, tend in any way to prove plaintiff in error guilty of the crime of purchasing two other diamond rings, not included in the jewelry introduced in evidence, which are alleged to have been stolen, and to have been purchased by her with knowledge of the fact that they were stolen. It is difficult to see how they served in any way to illustrate the nature or character of the crime with which she was charged, and for the commission of which she was on trial.

The facts of the present case, so far as the introduction of this jewelry in evidence is concerned, bring it within the principle, announced in the case of *Bishop* v. *People*, 194 Ill. 365, where, on the trial of one charged with having stolen copper wire, which he had sold to a junk dealer, from an electric light house, it was held the State must prove beyond a reasonable doubt the identity of the wire as coming from the electric light house. In that case, evidence was admitted of a conversation with the accused parties in regard to a roll of wire, which had nothing to do with the alleged crime, and we there said (p. 369): "This testimony, under a well recognized

rule of evidence, was wholly incompetent, and the only effect of it must have been to prejudice the jury against the defendants in the case upon trial by showing they were willing to commit another and different crime. (Wharton on Crim. Law, sec. 635; *Baker* v. *People*, 105 Ill. 452; *Farris* v. *People*, 129 id. 521; *Parkinson* v. *People*, 135 id. 401; *Janzen* v. *People*, 159 id. 440). In the latter case, after quoting from Wharton where he says, 'it is under no circumstances admissible for the prosecutor to put in evidence the defendant's general bad character or his tendency to commit the particular offense charged, nor is it admissible to prove independent crimes, even though of the same general character, except when falling strictly within the exceptions above stated,' we said: 'The exceptions alluded to by the author would not embrace the evidence under consideration. In *Parkinson* v. *People*, 135 Ill. 401, a similar question arose, and it was held that evidence tending to prove a similar, but distinct offense from that, for which one is being tried, is not admissible for the purpose of raising an inference or presumption that the prisoner committed the particular act, for which he is on trial.' (See also *Turley* v. *People*, 188 Ill. 628.) It is not claimed, and could not be, that the foregoing evidence falls within any exception to the general rule, as above stated." So, in the case at bar, this jewelry not being any part of the stolen goods, which plaintiff in error was charged with concealing knowing that they were stolen, could not be introduced for the purpose of raising an inference or presumption that plaintiff in error committed the particular crime, for which she was on trial.

One of the assignments of error in the present case is that the court refused to give certain instructions asked by the plaintiff in error upon the trial below. One of these refused instructions was as follows:

"The court instructs the jury that one of the material questions in this case is whether or not the rings men-

tioned in the indictment, or either of them, are or is the identical rings or ring stolen from Louis Weber & Co., and the burden of proof is upon the prosecution to prove beyond a reasonable doubt the identity of the rings or ring as the ones or one taken from Louis Weber & Co."

The refusal of this instruction was error under the ruling of this court in *Bishop* v. *People, supra*, where the court refused to give the following instruction asked by the defendant in that case, to-wit: "The court instructs the jury that one of the material questions in this case, is whether or not the wire in question is the identical wire taken from the electric light house, and the burden of proof is on the prosecution to prove, beyond a reasonable doubt, the identity of the wire as coming from the electric light house;" and we there said: "This instruction was refused. We are unable to discover any objection to that instruction, and it was clearly applicable to the case. The only justification for its refusal would be that it was covered by others given, and this we do not find to be true." The language, here used in regard to the instruction refused in *Bishop* v. *People, supra*, applies exactly to the facts of the present case, and it was error to refuse the instruction asked in the case at bar upon this subject for the same reasons, as are given in the *Bishop* case.

For the errors committed as above set forth, we are of the opinion that the judgment in this case should be reversed.

Accordingly, the judgment of the criminal court of Cook county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*