STATE *vs.* JAMES PETERS.

NOVEMBER 29, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a criminal complaint for knowingly receiving stolen goods in violation of general laws 1938, chapter 608, §13. The case is here on the defendant's bill of exceptions containing nine exceptions to certain rulings of the trial justice during the trial.

Those rulings relate, first, to the admission of certain testimony with reference to instances when defendant received other stolen goods from the same source but at a time or times prior to the date charged in the complaint, and second, to the denial of defendant's motions to take the case from the jury on the ground of prejudice necessarily arising from the admission of such testimony. All the exceptions in effect raise the same issue and for that reason defendant

has briefed and argued them together. We shall, therefore, consider them in like manner.

The evidence shows that defendant on June 26, 1956 received from two youths employed at the Atlas Chain Company in the city of Providence two pounds of silver chain of the value of $28. Each youth testified that he had stolen the chain and sold it to defendant. They also testified that prior to June 26 they had stolen other chain from their employer and sold it to defendant. This latter testimony was objected to by defendant on the ground that it tended to prejudice the jury against him by informing them of other and different offenses with the commission of which he was not charged in the complaint.

The trial justice overruled each objection and in his charge to the jury at the conclusion of the evidence stated: "In the course of this case certain evidence was admitted over the objections of the defendant, namely, evidence of certain transactions between this defendant and the two witnesses which occurred prior to the date charged in the complaint. Let me warn you that the defendant is not here on trial for anything which may have occurred prior to the date and the one stated in the complaint. He is here on trial upon the charge stated in the complaint and whether or not he engaged in these transactions prior to the date stated in the complaint is no proof and should not be considered by you as proof that he engaged in the transaction on the date charged in the complaint. I let that in merely for this purpose: it's admitted so that assuming you find that he engaged in this transaction, that is some evidence that when he engaged in the transaction charged in the complaint, he had knowledge that the goods were stolen."

The defendant contends that the law is well established that evidence of another distinct substantive offense cannot be admitted in support of the offense charged and he cites the following cases: *Bishop* v. *People,* 194 Ill. 365; *Parkinson* v. *People,* 135 Ill. 401; *Farris* v. *People,* 129 Ill.

521; *Schultz* v. *People,* 210 Ill. 196; *Dunn* v. *State,* 162 Ind. 174. In none of those cases was the factual situation like that in the case at bar. Indeed the facts in each case clearly differentiate it from this one.

The law relied upon and applied in the cited cases appears to be the same as the law in this state. See *State* v. *Wright,* 70 R. I. 39. But as pointed out in that case there are well-recognized exceptions to the rule. Two such exceptions were relied upon in *State* v. *Colangelo,* 55 R. I. 170, and *State* v. *Horton,* 47 R. I. 341. In the last-cited case where the defendant was charged with conspiracy and the trial court allowed evidence of certain other offenses, this court stated, at page 347, that "the State was properly permitted to offer evidence of these other acts of the respondents, similar in character and closely related in their circumstances to the one charged; since such evidence plainly tended to establish that the act charged and the other criminal acts shown in evidence were part of a general felonious scheme and system of the respondents; and also that the respondents in presenting to the court the deposition of Rands in the Thomas case were fully aware of its fraudulent character."

In the case at bar we are of the opinion that the evidence objected to clearly falls within the exception to the rule as it was expounded and applied in those cases. Here knowledge by defendant that the goods received from the youths on June 26, 1956 were stolen was an element of the offense which the state was bound to prove. The fact that the youths had previously sold him other goods of the same character bore a sufficiently close relation to the offense charged as to tend to prove knowledge by the defendant that the silver chain which the youths were selling to him was stolen from their employer.

Of course, as we took occasion to observe in *State* v. *Wright, supra,* when such evidence is allowed it should be only with great caution and then carefully restricted. We

think that the trial justice in the instant case sought to heed such warning when he charged the jury as he did in the words hereinbefore quoted. After carefully reading the transcript, we are clearly of the opinion that it was not error to allow the evidence objected to by defendant to be admitted for the consideration of the jury as restricted by the trial justice's charge.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *John F. O'Connell,* special counsel, for state.

*Ralph Rotondo,* for defendant.