Walter J. BLACKBURN, Appellant,

v.

UNITED STATES, Appellee.

No. 2753.

Municipal Court of Appeals for the District of Columbia.

Argued March 13, 1961.

Decided June 2, 1961.

Rehearing Denied June 19, 1961.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Donald S. Smith, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11-776(b).

QUINN, Associate Judge.

Appellant predicates reversible error on the introduction of certain evidence at trial where he was convicted of receiving an automatic pistol, knowing or having cause to believe the same to be stolen in violation of Code 1951, § 22-2205. Specifically, he complains of the court's allowance of an incriminating statement, allegedly made while he was under improper arrest, and, secondly, admission of evidence of his involvement in another crime for the avowed purpose of establishing his guilt in the present offense.

In the course of an interrogation following his arrest for housebreaking, one Charles Chambers confessed to the police that some weeks earlier, on two separate occasions, he had stolen tools from a barber shop and a .25 caliber pistol from a jewelry store at the suggestion and on behalf of appellant. The fact that these two crimes had been committed was substantiated by police records which reflected that the owners of the shops in question had reported the thefts. Without making any effort to verify Chambers' statement implicating appellant, a police detective executed an affidavit repeating in detail the above information as a basis for obtaining warrants against appellant. Both the search warrant and the warrant of arrest which were issued referred to appellant's receipt and possession of stolen barber tools, no mention being made of the .25 caliber pistol. The warrants were then executed at a barber shop operated by appellant. He was taken into custody but a search of the premises failed to uncover the tools or the

stolen pistol. According to the arresting officer appellant admitted, however, that he had received from Chambers a pistol resembling the .25 caliber automatic, but denied that he had "sent" Chambers to steal it or that he had accepted the weapon knowing it to be stolen property. It was the introduction of this statement at trial which appellant claims was the first error.

Appellant's motion to suppress this evidence was overruled and the case proceeded to trial on the present charge. The jewelry store proprietor testified to the circumstances surrounding the theft of his pistol and stated further that he was present at the time appellant was arrested and questioned. He recalled hearing appellant admit that he had received a pistol fitting the description of the stolen weapon. To obtain his testimony the government extended to the witness Chambers immunity from prosecution for his role in the two thefts. Chambers stated that appellant had approached him with the proposal that "he had something for me to do," namely, that "there were some guns in the jewelry shop and he wanted one." After stealing the weapon Chambers returned to appellant's barber shop where he was told to come "in the back way." In the back room Chambers gave the gun to appellant. Chambers also testified over objection that some three weeks prior to the theft of the gun, appellant had enlisted him for a "job," directing that he enter a nearby barber shop and "get some tools." Appellant suggested that he might easily gain entry by means of a broken window at the rear of the shop. Taking the tools, Chambers went to appellant's garage and hid them according to plan. On the following morning appellant gave Chambers $1.50. According to Chambers, appellant gave him money whenever he asked for it. The introduction of this testimony was the second ground for dispute.

Appellant's challenge of the introduction of the damaging admission is based upon his contention that the uncorroborated statement of an admitted thief did not establish initially probable case for his arrest. See Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. He contends that the illegal arrest renders inadmissible the statement made during the resulting detention by police.[1] Finding probable cause, we disagree. Had Chambers' statement to the police incriminated appellant only or been demonstrably self-serving, we might be compelled to rule otherwise because of the declarant's untrustworthy character. Certainly, such an accusation without any verification from one with his criminal background would, under normal circumstances, provoke great suspicion in the mind of a reasonable person. But here there is an additional factor which lends a semblance of reliability to Chambers' story, or so the judicial officer issuing the warrant might reasonably have concluded. By confessing his own role in the two thefts, Chambers exposed himself to prosecution and punishment. On this ground, we do not believe that it was error for the judicial officer to accept Chambers' statement as probable cause for appellant's arrest.

On the question of the admissibility of proof of the earlier theft and the disposition of the tools stolen, it is well settled in this circuit, as concisely stated by Judge Bastian in Fairbanks v. United States, 1955, 96 U.S.App.D.C. 345, 347, 226 F.2d 251, 253,

"* * * that upon the trial of an accused person the prosecution may not introduce evidence of another offense wholly independent of the one charged. However, there are many well established exceptions to this rule, so numerous that it has been said that it is difficult to determine which is the more extensive, the doctrine or the

1. "* * * confessions made while a defendant is under arrest are admissible in evidence if voluntarily made and if Rule 5, Federal Rules of Criminal Procedure, 18 U.S.C.A., is not violated, whether the arrest was legal or illegal. * * *" Smith v. United States, 1958, 103 U.S.App.D.C. 48, 55, 254 F.2d 751, 758, and cases there cited.

acknowledged exceptions. This Court has admitted evidence of other criminal acts when those acts (1) are so blended or connected with the one on trial that proof of one incidentally involves the other, (2) they explain the circumstances of the offense charged, or (3) they tend logically to prove any element of that offense. * * *"

We believe the evidence in question properly qualified as an exception to the general rule. That appellant on a previous occasion knowingly received stolen property was admissible for the limited purpose, as proposed by the government, of showing intent and guilty knowledge in the present case,[2] and the court so instructed the jury. We find no error.

Affirmed.

---

**2.** Gassenheimer v. United States, 1905, 26 App.D.C. 432; State v. Peters, 1957,

86 R.I. 447, 136 A.2d 620; II Wigmore, Evidence §§ 324, 325 (3d ed. 1940).