THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LILL BURGER, Plaintiff in Error.

*Opinion filed June 18, 1913—Rehearing denied October 8, 1913.*

1. CRIMINAL LAW—*whether the admission of incompetent testimony is reversible error depends upon the facts of each case.* In determining whether the admission of incompetent evidence constitutes reversible error each case stands alone and must be determined upon the facts presented by its record.

2. SAME—*incompetent testimony which could not have affected result will not reverse.* The admission of incompetent testimony will not constitute reversible error if it appears such testimony could not reasonably have affected the result of the trial.

3. SAME—*when the admission of testimony, though highly improper, will not reverse.* The admission of testimony of a police officer which was not only incompetent but highly improper is not ground for reversal, where, aside from such testimony, the undisputed evidence of guilt is so conclusive that the jury would have been derelict in their duty had they not found a verdict of guilty.

4. SAME—*when oral proof of existence of corporation is sufficient.* In a prosecution for larceny of the goods of a corporation, oral proof by a division superintendent that the concern is a corporation is sufficient where no objection was made to it, though it would not have been competent had objection been made.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

FRANK R. REID, (PRINGLE, REID & TERWILLIGER, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the larceny of certain property of Marshall Field & Co., found by the jury to be of the value of $25, and was sentenced to confinement in the penitentiary.

A number of employees of Marshall Field & Co. testified on behalf of the People to the effect that on June 11, 1912, the plaintiff in error was seen coming from the stock room on the sixth floor of the retail store of Marshall Field & Co., being the room where articles of ladies' wearing apparel were kept. Immediately thereafter it was observed that she had various articles concealed under her skirt. Observing that the articles protruded below the hem of her skirt, plaintiff in error engaged the attention of one of the saleswomen under the pretense of purchasing some article, and while pretending to adjust her garter loosened the garments which she had concealed under her clothing, allowed them to drop to the floor and then hurriedly left the building. She was arrested on the following day and was positively identified as the person who had stolen the goods. Plaintiff in error did not testify on the trial and no evidence was offered in her behalf, so that the clear and convincing evidence of her guilt stands undisputed.

The principal complaint is in reference to the admission of the testimony of police officer McGuire concerning a

conversation he had with plaintiff in error at the police station immediately after her arrest. He testified that he asked her if she had been at Marshall Field's the day before, and she replied that she had not; that he then asked her if she had been there the Saturday previous, to which she replied she had not; that he then said to her "that her photograph had been identified as being in there and stealing these goods." To this an objection was interposed and overruled. The officer was then permitted to testify that plaintiff in error said that she had quit that and had not been in a State street store since she was arrested at Mandel's; that he asked her, "Didn't the court tell you at that time to keep out of them stores?" to which she replied that she had not done a thing since then but had been on her good behavior; that thereupon he said to her, "Here is your Cleveland picture; how about that?" to which she replied that that did not amount to anything; that he then said to her, "It shows you were arrested there December 10." The record shows that the officer then displayed the photograph in the presence of the jury, to which action an objection was interposed and was overruled. The officer then further detailed the conversation in which he had said to plaintiff in error that she had been convicted in Cleveland and sentenced to the work-house, and testified that the girl witnesses who had just been on the stand came into the police station and identified plaintiff in error as the person who had stolen the goods the day before and who had also stolen a $40 dress out of the stock room two weeks previously.

This testimony was highly improper and should have been excluded. It was not competent upon any theory, and was so prejudicial that if there were any conflict whatever in the testimony it would necessitate a reversal of the judgment. Aside from the testimony of this witness, however, the undisputed proof of the guilt of plaintiff in error is so strong and convincing that it would not have been possible for the jury to have returned any other verdict, and under

the condition of this record this must be held to be harmless error. We have repeatedly held that the admission of incompetent testimony will not constitute reversible error if it appears that such testimony could not reasonably have affected the result. (*Jennings* v. *People*, 189 Ill. 320; *Wistrand* v. *People*, 218 id. 323; *Johnson* v. *People*, 202 id. 53; *People* v. *Nall*, 242 id. 284; *People* v. *Cleminson*, 250 id. 135.) In determining whether or not the admission of incompetent testimony constitutes reversible error each case stands alone and must be determined upon the facts presented by its record. The guilt of plaintiff in error having been conclusively shown and there being no denial of it, the jury would have been derelict in their duty had they not returned a verdict of guilty without regard to the testimony of policeman McGuire.

It is further objected that the record does not show that Marshall Field & Co. is a corporation. Strict proof of the corporation was not attempted, nor was it attempted to make a *prima facie* case, under the Criminal Code, by proof of user. A division superintendent of Marshall Field & Co. was one of the witnesses who testified on behalf of the People. During the course of his examination he was asked, "Do you know whether or not Marshall Field & Co. is a corporation?" to which he replied, "It is; yes, sir." There was no objection to this question or answer, and it is the only proof on this question in the record. This character of proof was not competent, and had the question been objected to it must have been held inadmissible. The proof having been made without objection was sufficient, and it was then unnecessary for the People to make more strict proof of the existence of the corporation.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*