THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM FRYER, Plaintiff in Error.

*Opinion filed December 16, 1914.*

1. CRIMINAL LAW—*trial must be conducted without serious error where chief witness is a confessed thief.* In a prosecution for receiving stolen property a conviction may be warranted although the chief witness is the confessed thief, and even though his testimony is denied by the defendant and is otherwise contradicted in some particulars; but in such case the trial must be conducted without serious error.

2. SAME—*oral testimony that certain company is a corporation is not admissible if objected to.* While the statute provides that in criminal cases user shall be *prima facie* evidence of the legal existence of a corporation, yet if there is no proof of user, oral statements that a certain company is a corporation are not admissible over the defendant's objection.

3. SAME—*a search warrant and return not admissible as tending to prove the issue.* In a prosecution for receiving stolen property, a search warrant stating that the articles named therein were feloniously stolen, and the return thereto stating that the articles found were those described in the writ, are not admissible in evidence as tending to prove the defendant's guilt, although it would be competent to prove by the officers what they found, and to identify, by competent evidence, the articles as those stolen.

4. SAME—*opinion of officer that he did not make a very good search is not competent.* In a prosecution for receiving stolen

property it is competent to prove that the premises of the defendant were searched, their condition, what was done in connection with the search and what was found, but the opinion of the officer that he did not make a very good search is not competent.

5. SAME—*what questions asked on cross-examination of the defendant are improper.* In cross-examining a defendant charged with receiving stolen property, questions which have no object other than to induce the jury to believe that the defendant has been guilty of crimes other than the one for which he is on trial and unfairly to prejudice him before the jury are improper.

6. SAME—*when instruction is not improper as singling out the testimony of the defendant.* An instruction upon the weight to be given the testimony of the defendant, which concludes with the statement that if, after considering all the evidence, the jury find that the defendant has willfully and corruptly testified falsely to any material fact then the jury may disregard his testimony, etc., is not improper as singling out the testimony of the defendant.

7. SAME—*when instruction directing verdict is improper.* An instruction directing a verdict of guilty of receiving stolen property, which is based upon the hypothesis, among others, that the property was received by the defendant and was the property of "Hugh H. Parks and the Reid Company, or of either of said persons," is bad, where none of such property was owned by said persons jointly and the proof in the record that the Reid Company was a corporation is incompetent and was admitted over objection.

8. SAME—*what does not justify inference that the verdict was based solely upon the receipt of property of private person.* In a prosecution for receiving stolen property, part of which belonged to a private person and part to an alleged corporation, the mere fact that the jury found the value of the goods to be less than the claimed value of the goods of the private person does not authorize the inference that the verdict was based upon the receipt of his property, alone, where the evidence is the same as to both larcenies and the receipt of the proceeds thereof, and there is evidence, though incompetent, of the existence of the alleged corporation.

9. SAME—*when instruction that defendant could not lawfully be convicted as to part of charge should be given.* Where part of the charge against the defendant is the receipt of property alleged to have been stolen from a certain named company, an instruction that the defendant cannot be lawfully convicted as to such portion of the charge should be given, where the only proof in the record of the corporate existence of such company is incompetent and was admitted over the defendant's objection.

10. SAME—*what testimony is admissible as showing the defendant's knowledge and intent.* In a prosecution for receiving property which a witness testifies he stole and sold to the defendant, it is proper, as tending to show the defendant's knowledge and intent, to allow the witness to testify to other larcenies and burglaries he had committed and that he sold the proceeds thereof to the defendant, even though he has also testified directly to defendant's knowledge from information given him by the witness.

11. SAME—*when refusal to strike out answer as to the belief of a witness is proper.* Where a witness in a prosecution for receiving stolen property is asked, on cross-examination, whether he wishes to be understood as testifying that he identified one of the exhibits as the particular razor he sold the defendant, it is proper for the court to refuse to strike out his answer, "Only that it is my best belief that it is."

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding.

ANDREW OLSON, B. F. SCHRIVER, and J. T. & S. R. KENWORTHY, for plaintiff in error.

P. J. LUCEY, Attorney General, FLOYD E. THOMPSON, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error, Sam Fryer, was convicted upon an indictment charging him with receiving for his own gain and to prevent the owners from again possessing their property, stolen property knowing it to have been stolen. The property alleged to have been stolen consisted of thirty-two pocket knives, the goods and chattels of the Reid Company, a corporation organized and existing under the laws of the State of Illinois, and one hundred and fifty pocket knives, six razors, two safety razors, four Ingersoll watches, two Perfection watches, three pairs of scissors, and various articles of table cutlery and other table ware, the goods and property of Hugh H. Parks.

It is contended that the verdict is not sustained by the evidence. The only evidence of the defendant's guilt consists of the testimony of Silas Bender, the thief who stole the goods, and the fact that two Ingersoll watches, one Perfection watch and two razors were found in the possession of the plaintiff in error in his second-hand store about a month after the larcenies were committed. They were all articles of a character which the plaintiff in error frequently bought and sold in his business and there was no satisfactory identification of the razors or the Ingersoll watches. There were no marks upon them by which they could be distinguished from other articles of the same kind. The manufacturer's numbers upon the watches were unknown. Parks identified the Perfection watch as one of those stolen from his store, by the fact that it was worn a little around the edge. The plaintiff in error testified that he bought this watch, not of Bender but of another person, about a week before he was arrested. He denied all of Bender's testimony in regard to the purchase or receipt of these goods, although he admitted that he had had four separate transactions with Bender and had bought of him a second-hand watch and revolver, a new pair of rubber boots, a new sweater coat and a new pair of shoes within two or three months before the larcenies involved in this case. He proved a good reputation for honesty in Rock Island, where he had lived for nine years, though two witnesses testified that his reputation for honesty and as a law abiding citizen in Muscatine, Iowa, where he had lived for twenty-five years previously, was bad. There was also evidence tending to contradict in some particulars Bender's version of the circumstances of his transaction with the plaintiff in error. The testimony was conflicting and the conviction rests substantially on the testimony of Bender, the thief. While testimony coming from such a source may be sufficient, even though contradicted in some particulars and denied by the defendant, to sustain a convic-

tion, the trial in such case should be conducted without serious error, and in this case such errors occurred on the trial as require the submission of the case to another jury.

There was no legal evidence that the Reid Company was a corporation, as alleged in the indictment. Over the objection of the plaintiff in error two witnesses were allowed to state that the Reid Company was a corporation, but this was not competent. One of these witnesses testified that he was a member of the company, and the other that he was in the employ of the company as store manager and clerk and dressed the display windows. In criminal cases the statute provides that user shall be *prima facie* evidence of the legal existence of a corporation, but in this case no proof of user of corporate franchises was shown.

About a month after the larcenies alleged were committed a search warrant was issued on the complaint of H. H. Parks to search the store of the plaintiff in error for the goods stolen from Parks, which was executed and returned, the return stating that the officer had found "the following articles described in said writ: One razor marked 'Triumph,' 'Hibbard, Spencer, Bartlett & Co. 1914, made in Germany,' one Ingersoll Yankee $1 watch and one Perfection watch." The warrant and return were improperly introduced in evidence over the plaintiff in error's objection. These documents were not legal evidence of any fact in the case. It was competent to prove by the officers what they found and to identify by competent evidence the articles as those stolen. The warrant recites that the articles named in it were feloniously stolen, and the return, that the articles found were those described in the writ. Neither statement was evidence against the plaintiff in error of its correctness, yet they were submitted to the jury as tending to prove the issue.

In connection with the warrant the officer was asked what he could say as to the thoroughness of the search he made and if he made a careful search of each and every

part of the premises for articles mentioned in the warrant, and answered that he did not make a very good search. It was competent to prove that the premises were searched, their condition, what was done in connection with the search and what was found, but the opinion of the officer as to the thoroughness of the search was not competent. It was not proper as the basis for an inference of what might have been discovered by a more thorough search.

The cross-examination of the plaintiff in error was unfair. He was asked, and required to answer, whether he kept a record of any of the guns he sold and if he knew the law required him to keep such record, and whether he knew of the city ordinances which required him to make a record of all the property he bought, and he answered to all that he did not. Objections were sustained to the following questions: "Did you ever buy any stolen property?" "Did you buy some stolen corn from one Bud Howell last summer?" "When you lived in Muscatine were you ever arrested?" "Were you ever convicted of any misdemeanor or crime while you lived in Muscatine?" "Were you charged and convicted for assaulting a mate on one of the steamboats while you were in Muscatine?" These questions were all incompetent, and though objections were sustained to them and the defendant was not required to answer them, they were prejudicial. The only object in asking them was to induce the jury to believe that the defendant was guilty of other crimes than that for which he was on trial and unfairly to prejudice him before the jury.

The second instruction given on behalf of the People is objected to. It referred to the weight to be given to the testimony of the defendant and is in substance the same as the instruction given in *Hirschman* v. *People,* 101 Ill. 568, which has been approved in many subsequent cases, some of which are cited in *People* v. *Harrison,* 261 Ill. 517.

The fourth instruction given at the instance of the prosecution directed a verdict. It was based upon the hypothesis, among others, that the defendant received "the property mentioned in the third count of the indictment, or any part thereof, and that the said property was the property of Hugh H. Parks and the Reid Company, or of either of said persons." None of the property was owned jointly by Parks and the Reid Company. There was no legal evidence of the incorporation of the Reid Company, and therefore no conviction could be based upon the receipt of property alleged to be that of the Reid Company.

It is insisted that this instruction, even if erroneous, was not harmful, because the verdict of the jury was based only upon the receipt of Parks' property. This conclusion is reached because the verdict finds the value of the stolen property received to be only $125, while the value of Parks' property alleged to be stolen was stated to be $152.25 and that of the Reid Company $28.10. This constitutes no basis for a conclusion that the verdict was founded only on the Parks goods. The evidence was the same as to both larcenies and the receipt of the goods which were the subject of each. The court had admitted evidence of the incorporation of the Reid Company which was incompetent but was uncontradicted and which the jury were bound to consider. The jurors could not reasonably arrive at one conclusion as to Parks' goods and another as to the Reid Company's goods, and it will not be presumed that they did so merely because they found the value of the goods less than the evidence would have justified them in finding and less than the value of the stolen goods of one of the owners.

People's instructions Nos. 6, 10 and 13 are also criticised, but we do not regard them as subject to the objections which are made against them.

The court refused the request of the plaintiff in error to instruct the jury that they could not lawfully convict

him for receiving any of the property described in the indictment as belonging to the Reid Company or consider the value of such property in their verdict. Since there was no legal evidence of the incorporation of the Reid Company this instruction should have been given.

Bender was permitted to testify to a number of other larcenies and burglaries which he had committed, the proceeds of which he had sold and delivered to the plaintiff in error. This testimony was admissible as showing plaintiff in error's knowledge and intent, even though Bender also testified directly to plaintiff in error's knowledge from information given to him by Bender himself. Several persons whose property had been the subject of these larcenies and burglaries also testified to these offenses, and their testimony was admissible for the same reason as Bender's.

Bender was permitted to advise with his counsel during his cross-examination as a witness, and this is assigned as error, but there is nothing in the record to indicate any prejudice to the plaintiff in error by reason of such permission and consultation.

In his cross-examination Bender was asked if he wished to be understood as testifying that he identified one of the People's exhibits as the particular razor he sold to plaintiff in error, and he answered, "Only that it is my best belief that it is." The court overruled a motion to strike the answer out, and it is argued that this was error because it was the witness' knowledge and not his belief which was proper to be told. The ruling was correct. It is frequently difficult to tell when belief becomes knowledge, and questions of identification must frequently be solved from conflicting beliefs often based on a very narrow foundation.

The judgment is reversed and the cause is remanded for a new trial.          *Reversed and remanded.*