THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN C. KRITTENBRINK, Plaintiff in Error.

*Opinion filed October 27, 1915.*

1. CRIMINAL LAW—*ownership is necessary averment of indictment for receiving stolen property.* The ownership of the property is a necessary averment of an indictment for receiving stolen property and must be proved as alleged.

2. SAME—*in whom ownership shall be alleged.* Where an averment of ownership is necessary in an indictment, the ownership must be alleged in a person, corporation or other entity that may be the owner of property.

3. SAME—*indictment may refer to drug by its general term instead of complete scientific name.* The general term "codeine," used in an indictment for receiving stolen property, is sufficient to include the special preparation known as triturate of codeine.

4. SAME—*what not sufficient proof of existence of corporation.* The opinion of a witness that a company did business as a corporation is not sufficient proof that such company is a corporation, where no facts are shown upon which such opinion was based and there is no proof of user of corporate franchises.

5. SAME—*what evidence is incompetent to prove one guilty of receiving stolen property.* In a prosecution for receiving stolen property, consisting of drugs, evidence that a burglary was committed on a certain night and quantities of drugs stolen is not competent, where it is not shown that any part of the property so stolen came into possession of defendant or that he had any knowledge of or connection with the particular burglary or larceny.

6. INSTRUCTIONS—*those instructions may be refused which are covered by others given.* Where an instruction is covered by other instructions it may be refused, but when not covered in all respects by any other instruction it should be given if otherwise unobjectionable.

7. SAME—*when an ill-drawn and verbose instruction should not be refused.* An instruction, though ill-drawn and verbose, stating true principles as to the presumption of innocence and reasonable doubt, should not be refused if these principles are not stated to the jury in any other instruction.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

HENRY A. DAUGHERTY, and GEORGE M. BAGBY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, for the People.

. Mr. JUSTICE DUNN delivered the opinion of the court:

John C. Krittenbrink was convicted of receiving a quantity of stolen morphine and codeine, the property of Parke, Davis & Co., a corporation, for his own gain and to prevent the owner from again possessing its property, well knowing the said goods to have been stolen.

It is insisted that the conviction is contrary to the evidence. There was no legal evidence that Parke, Davis & Co. was a corporation, as alleged in the indictment. The ownership of the property was a necessary averment of the indictment and it was necessary to prove such ownership as alleged. (*Aldrich* v. *People,* 225 Ill. 610.) Where an averment of ownership is necessary, the ownership must be alleged in a person, corporation or other entity that may be • the owner of property. (*People* v. *Brander,* 244 Ill. 26.) The only evidence in regard to the incorporation of Parke, Davis & Co. was the testimony of a witness who was permitted, over the objection of plaintiff in error, to answer the question whether in the years 1914, 1913 and 1912, and at any prior time, Parke, Davis & Co. did business as an individual, co-partnership or a corporation. He answered, "as a corporation." This evidence was incompetent. It afforded no proof of user of corporate franchises. It was merely the opinion of the witness. No facts were shown on which it was based, and the record contains no evidence from which it can be lawfully inferred that Parke, Davis & Co. was a corporation. (*People* v. *Fryer,* 266 Ill. 216.) Since the judgment must be reversed for lack of evidence to sustain this essential averment of the indictment we shall

not discuss the other evidence in the case, which was conflicting.

The State introduced the evidence of three witnesses, employees of Parke, Davis & Co., who testified to the stealing by them of quantities of morphine and codeine from their employer and the sale of the stolen property to the defendant, the transactions continuing for a year or more before June 6, 1914. The State was permitted, over the objection of plaintiff in error, to prove a burglary committed by two of these witnesses of the premises of Parke, Davis & Co. and the stealing of morphine and codeine on the night of June 18, 1914. There was no claim and no evidence that any part of the property stolen as the result of this burglary ever came to the possession of the plaintiff in error or that he had any knowledge of or connection with the burglary or larceny. This evidence was incompetent and should not have been received. *Schultz* v. *People,* 210 Ill. 196; *People* v. *Baskin,* 254 id. 509.

The objection is made that evidence was admitted as to the delivery to the defendant of triturate of codeine, which was not mentioned in the indictment. The variance was not material. The general term "codeine," used in the indictment, was sufficient to include the special preparation known as triturate of codeine.

Objection was made to the refusal of instructions Nos. 44, 45, 46, 49 and 52 asked by the plaintiff in error. Instruction No. 44 is the same as instruction No. 3 given for the defendant in the case of *Bressler* v. *People,* 117 Ill. 422, and relates to the matter of reasonable doubt. The question of reasonable doubt, as far as this instruction is concerned, is covered by other instructions on behalf of the People and the defendant, and it was not error to refuse the instruction. The substance of instruction No. 45 was given in People's instructions Nos. 6 and 10. Instruction No. 46 was the same as defendant's instruction No. 13 in *Bressler* v. *People, supra.* It related to the testimony of the defendant, was not

covered in all respects by any other instruction and should have been given. Instruction No. 49 was covered by defendant's instruction No. 20. Instruction No. 52 was as follows:

"The court instructs the jury that the law presumes the defendant to be innocent of the charges preferred against him by the indictment returned to the court by the grand jury until all of the allegations in one or both of the counts in such indictment have been proven to be true beyond a reasonable doubt, and the law is that he is entitled to have this jury indulge in the presumption of innocence toward him until you may believe, from all the evidence, that he has been proven guilty beyond a reasonable doubt, and the fact that he has been indicted by the grand jury upon the charges of larceny and of receiving stolen property, and is now being tried upon those charges, is not any evidence of his guilt; and you are not to consider that the fact that there was an indictment in this cause any evidence of his guilt, and if you convict the defendant you must do so upon all the evidence in the case, and you cannot give any weight to any belief to which you may arrive unless that belief be founded upon the facts in evidence introduced before you in this case, and if, after consideration of all the facts and circumstances proven in this case, you then have a reasonable doubt in your mind as to the defendant's guilt as to said charges, then it is your duty to find him not guilty."

Though this instruction is ill-drawn and verbose, the rules stating that the indictment is no evidence of the defendant's guilt and should not be so considered by the jury, and that the presumption of innocence continues with the defendant until the jury are convinced by the evidence, beyond a reasonable doubt, of his guilt, were not stated to the jury in any other instruction, and it was therefore erroneous to refuse this instruction.

Objection is made to the conduct and remarks of the court in the progress of the trial and to the argument of the attorney for the People to the jury. In both cases there

was room for just criticism. Whether the conduct, remarks and argument objected to were such as should have reversed the judgment it is not necessary to determine, since the judgment must be reversed for the reasons heretofore given. Counsel for the plaintiff in error were unduly restricted in the cross-examination of the three witnesses for the People who were confessed thieves and were the only witnesses testifying to any facts directly implicating him in the crime charged.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*