THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE STRUBLE, Plaintiff in Error.

*Opinion filed October 24, 1916.*

1. CRIMINAL LAW—*ownership of property must be proved as alleged in an indictment for receiving stolen property.* The ownership of the property is a material averment in an indictment for receiving stolen property, and it is necessary to prove the ownership as alleged.

2. SAME—*how legal existence of a corporation must be proved.* Under the statute, in a criminal prosecution for a crime against a corporation, the legal existence of the corporation may be shown, *prima facie,* by proof of user, which means the exercise of corporate powers and functions, and if not proved in this manner, proof must be made either by the charter or by articles of incorporation.

3. SAME—*what is not proof of user of a corporate franchise.* The statement that a corporation did business "as a corporation" is not proof of user of a corporate franchise nor that the concern was or claimed to be a corporation.

4. SAME—*when the charge of corporate existence is material it must be proved.* Where an offense is charged to have been committed against a corporation the charge is a material one and must be proved.

CARTER, J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

CHARLES E. ERBSTEIN, LAWRENCE E. DOWD, and CHARLES P. R. MACAULAY, for plaintiff in error,

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (E. E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Clarence J. Struble and James A. Craig were tried in the criminal court of Cook county on an indictment, the first count charging them with feloniously, unlawfully and for their own gain receiving certain checks described in the indictment, for the payment of money. The indictment also charged them with receiving certain money described, and it is charged that at the time said Struble and Craig received the property they knew it had been stolen from the National Fireproofing Company, which was alleged to be a corporation and the owner of the checks and money. Other counts in the indictment charged defendants with burglary and larceny of the checks and money. At the trial under the indictment both defendants were found guilty, under the first count, of receiving stolen property, and the value of the property so received was found by the jury to be $47.49. Motions by defendant Struble for a new trial and in arrest of judgment were overruled and he was sentenced to the State reformatory at Pontiac until discharged according to law, the term of imprisonment not to exceed the maximum term for the crime for which he was convicted and sentenced. He has sued out this writ of error to reverse the judgment.

It is urged as a ground of reversal that it was not proven the National Fireproofing Company was a corporation, as alleged in the indictment. Some other errors are assigned challenging the correctness of the court's rulings. We see no escape from a reversal of the judgment on the ground there was no proof that the National Fireproofing Company was a corporation, as alleged in the indictment, and as in our view the questions raised on this record by the other assignments of error are not of a character to re-

quire discussion in this opinion, they will not be further referred to.

On the trial of the case the book-keeper and cashier of the National Fireproofing Company testified as a witness for the prosecution, and after stating the location of the office of the National Fireproofing Company the witness was asked, "How do they conduct their business?" and, no objection being interposed, answered, "As a corporation, sir." There was no other proof upon this subject. The ownership of the property was a material averment in the indictment and it was necessary to prove the ownership as alleged. *Aldrich* v. *People,* 225 Ill. 610; *People* v. *Brander,* 244 id. 26.

In *People* v. *Krittenbrink,* 269 Ill. 244, the indictment alleged Park, Davis & Co., the owner of the property stolen, was a corporation. A witness was asked whether Park, Davis & Co. did business as an individual, a co-partnership or as a corporation, and over objection of defendant answered, "As a corporation." In holding the proof was incompetent the court said: "It afforded no proof of user of corporate franchises. It was merely the opinion of the witness. No facts were shown on which it was based, and the record contains no evidence from which it can be lawfully inferred that Park, Davis & Co. was a corporation." In *People* v. *Burger,* 259 Ill. 284, the indictment alleged Marshall Field & Co., the owner of the stolen property, was a corporation. A department superintendent of the alleged owner was asked whether Marshall Field & Co. was a corporation, and, no objection being made, answered it was. The court held the evidence was incompetent if it had been objected to, but as there was no objection to the proof it was held sufficient. In the case here under consideration, as in *People* v. *Krittenbrink, supra,* to an inquiry as to how the corporation did business the answer was, "As a corporation." This is not a statement that the company was a corporation. It is a matter of common knowledge that

partnerships frequently. do business "as a corporation,"—that is, like a corporation, through directors and persons selected as officers and managers. Under the statute, (Crim. Code, par. 486,) in a criminal prosecution for a crime against a corporation the legal existence of the corporation may be proven, *prima facie*, by proof of user. The statement that the National Fireproofing Company did business "as a corporation" was not proof of user of a corporate franchise nor that the concern was or claimed to be a corporation. It wholly failed to sustain the averment of the indictment that the company was a corporation. A number of cases are to be found in our Reports where it has been held that proof of the exercise of corporate powers and functions is such proof of user as to be sufficient, *prima facie*, to establish the legal existence of the corporation. The corporate existence alleged must be proved either by the charter or articles of incorporation or by proof of user, which means the exercise of corporate powers and functions. It seems too obvious to admit of dispute that in this case the proof upon that question utterly failed to meet the requirements to sustain the allegation of the indictment that the National Fireproofing Company was a corporation. It is not a technical rule of law but a substantial one and universally so recognized, that when the offense is charged to have been committed against a corporation the charge is a material one and must be proved. It would require a disregard of that long established rule to hold the proof in this case supports the allegation that the National Fireproofing Company was a corporation. In this case there was no proof of user of corporate powers and franchises and no proof of any kind that the company was, in fact, a corporation.

The criminal court erred in overruling the motion for a new trial, and the judgment is reversed and the cause remanded.                    *Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.