(No. 11376.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BUCKMAN, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. CRIMINAL LAW—*what will be considered clerical error in verdict of guilty of receiving stolen property.* A verdict is not to be construed with the same strictness as an indictment but will be liberally construed, and where a verdict finds the defendant guilty of receiving stolen property, but uses the word "recovered" instead of the word "received" in stating the value of the property, the use of the word "recovered" will be regarded as a clerical error.

2. SAME—*what is prima facie proof of existence of corporation.* In a prosecution for receiving stolen property of an alleged corporation, testimony that the witness is superintendent of the company, that its business is conducted by a president, secretary, treasurer and superintendent, and that it has stockholders and a board of directors, is *prima facie* proof of existence of the corporation.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

J. L. MURPHY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOSEF SKINNER, State's Attorney, and NOAH C. BAINUM, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

The plaintiff in error, Charles Buckman, was convicted in the circuit court of Bureau county under an indictment charging him with receiving stolen property for his own gain knowing it to be stolen and to prevent the owner from again possessing it. The property was described as copper wire, one lubricator, one controller handle, five pounds of brass and five pounds of brass fittings. The total value was alleged to be $19.70. The first count of the indictment al-

leged the property stolen was the property of the Western Sand and Gravel Company, a corporation organized under the laws of the State of Illinois. The second count alleged the owner of the property, the Western Sand and Gravel Company, was a corporation. The jury found plaintiff in error guilty of receiving stolen property for his own gain knowing it to be stolen and to prevent the owner from again possessing it, "in manner and form as charged in the indictment, and we further find from the evidence the value of the property so *recovered* to be $3.50." The court overruled motions for a new trial and in arrest of judgment, rendered judgment on the verdict, and sentenced plaintiff in error to pay a fine of $25 and costs of suit and to confinement in the county jail "for and during the period of thirty days from and after this date." The case was reviewed on a writ of error from the Appellate Court for the Second District. That court held the judgment of the circuit court was erroneous in fixing the term of imprisonment in the county jail to begin at the date of the rendition of the judgment and that there was no other substantial error in the record, and the judgment of the circuit court was therefore reversed and the cause remanded, "with leave to the State's attorney to move for, and direction to the court to enter, a judgment in accordance with the rule established by the Supreme Court in *People* v. *Elliott,* 272 Ill. 592, and for such other and further proceedings as to law and justice shall appertain." It was further ordered that defendant in error recover of plaintiff in error its costs. The case is brought to this court for review by writ of error.

Without setting out the testimony in detail, it is sufficient to say it abundantly established plaintiff in error's guilt. The man who stole the property from the Western Sand and Gravel Company testified he sold it to plaintiff in error; that he had many times before stolen similar property and sold it to him, and that plaintiff in error had instructed him when he stole wire to burn off the insulation

so that the wire could not be identified, and that he did burn the insulation off the wire stolen from the Western Sand and Gravel Company and sold to plaintiff in error, and that he broke up the pieces of brass and copper so as to prevent identification. The property was found in the possession of plaintiff in error, and his statements to an officer and a member of the corporation owning the property, and his conduct when they, in company with the thief who stole the property, visited plaintiff in error's premises, leave no room for reasonable doubt that the verdict was warranted by the testimony.

It is insisted that there was no proof that the Western Sand and Gravel Company was a corporation. Edward Huwald testified that he was superintendent of the Western Sand and Gravel Company; that its business was conducted by a president, secretary, treasurer and superintendent; that it had been in existence six or seven years, was located in Spring Valley, had stockholders (some of whom he named) and a board of directors. He was also asked whether the company operated as a company or as a corporation, and answered, as a corporation, but on objection by plaintiff in error the answer was stricken out. This subject was discussed in *People* v. *Struble,* 275 Ill. 162, and the recent cases on the subject referred to. The proof made in this case differs from the proof in those cases, and while it is not of the most satisfactory character, it was sufficient *prima facie* proof of the corporate existence of the owner of the property.

The verdict returned by the jury read that the jury found from the evidence that the value of the property "recovered" was $3.50. It is urged that this is erroneous; that the finding should have been that the value of the property "received" was $3.50. We take it the use of the word "recovered" instead of the word "received" was a clerical mistake. By their verdict the jury found plaintiff in error guilty of receiving stolen property for his own gain know-

ing the same to be stolen and to prevent the owner from again possessing it, in manner and form as charged in the indictment. It seems apparent that the jury found the value of the property "received" by plaintiff in error at the sum named. A verdict is not to be construed with the same strictness as an indictment, but will be liberally construed and all reasonable intendments indulged in its support. *People* v. *Brown,* 273 Ill. 169.

It is insisted that the property received by plaintiff in error was different from the property stolen from the Western Sand and Gravel Company and was different from the property described in the indictment. It was identified as a part of the property stolen from the Western Sand and Gravel Company, but some of it had been broken up into smaller pieces and the insulation had been burned off the wire. This constituted no variance.

The court gave nine instructions for the prosecution, seventeen for the defense and refused twelve instructions asked for the defense. It is claimed that there was error in giving some of the instructions for the prosecution and in refusing the twelve instructions for the defense. There was no reversible error in the court's ruling in this respect. Some of the refused instructions asked for the defense were covered by instructions given and some of the refused instructions were incorrect. One or two of the refused instructions might well have been given, but the jury were very fully instructed as to the rights of the defendant, and whatever errors there were in the giving and refusing of instructions were harmless.

As there was no error prejudicial to plaintiff in error except in the judgment and sentence, the Appellate Court properly reversed the judgment and remanded the case to the circuit court, with leave to the State's attorney to move for, and direction to the court to enter, a proper judgment. *People* v. *Elliott, supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*