(No. 19804.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEO OLESZKRIVICZ *et al.* Plaintiffs in Error.

*Opinion filed December 20, 1929.*

BRODKIN & BIEBER, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Leo Oleszkrivicz and Frank Hull (hereafter referred to as defendants) were indicted by a grand jury at the March term, 1929, of the criminal court of Cook county for the burglary of the foundry of the Hartnett Foundry Company, a corporation, on February 15, 1929. They were tried, found guilty and sentenced to the Pontiac reformatory. They prosecuted this writ of error to review the record.

The evidence conclusively shows the guilt of the defendants. Charles Brush, an employee of the American

District Telegraph, which was conducting a system of burglar and fire alarms, testified he had notice at 8:35 o'clock in the evening of February 15, 1929, that the alarm was sounded at 2837 South Halsted street, which was the Hartnett Foundry Company. It took him about nine minutes to get to the foundry building, and on his arrival he found officer Scanlan in front of the door. He unlocked the door and both he and Scanlan went into the building, turned on the lights and saw defendants in a place off of the office used for a toilet. There was nobody else in the building at the time and Scanlan placed the two men under arrest. The burglar alarm was set off by the breaking of a screen in a rear window. There was no glass in the window. The screen was attached to wires, some of which were cut or disconnected, and there was a hole in the window which the witness estimated at fourteen by sixteen inches in size.

Officer Scanlan testified he arrived at the building two or three minutes before Brush did; that he went to the front door and other officers went to the back door. The front door was locked. When Brush arrived he opened the front door and they went in, and defendants were standing by the toilet in the building. He took them to the wagon and they were taken to the police station.

Walter Pellitier, a police officer, was one of the officers who examined the building about nine o'clock that night, and he testified the doors to the building were locked but a window was broken. He did not go into the premises. He testified he talked to the defendants that night, and they said they went into the rear of the building to investigate, as they saw a flashlight in the building.

The foreman of the Hartnett Foundry Company plant testified for the State that at six o'clock in the evening on February 15, 1929, he closed up the building, locked the doors, and saw that a box containing aluminum ingots was closed and locked up. He left the building about six o'clock. He returned to the building that night about ten o'clock.

The box containing the aluminum ingots was unlocked. There were about thirty ingots, and he found them out of the box, heaped up on the floor close to the back door of the building. The proof showed the aluminum ingots worth about eight dollars each.

Defendant Oleszkrivicz testified in his own behalf. Hull did not testify. Oleszkrivicz stated he and Hull were taking a walk; that it was a rather cold night but they walked two or three miles that night. He said they passed by the Hartnett foundry plant and saw a flashlight being used inside, but they did not go into the building. He testified they took nothing from the premises. He further stated that officers O'Hara and Pellitier beat him for more than two hours that night after they were arrested and taken to the police station.

It will be observed that the indictment alleged the building entered to be the building of a corporation, and the defendants contend there is no proof of its being a corporation. Emmett Hartnett testified that the name of his business was the Hartnett Foundry Company; that it was a corporation, that he was president and treasurer thereof, and that the Hartnett Foundry Company was the occupant of the building. No objection was made at the time to the questions asked or the testimony given. Of course, that testimony could successfully have been objected to, but as it was not, the witness testified that it was a corporation, and the proof having been made without objection was sufficient. *People* v. *Burger,* 259 Ill. 284.

The defendants cite cases supporting their contention that where the averment of corporate ownership is a material one the existence of the corporation must be proven, but those authorities are distinguishable from the *Burger case, supra.*

It is contended that the proof was not sufficient to authorize a verdict. We think no other verdict could have been rendered under the proof.

Some complaint is made of instructions, but the objections are not definitely pointed out. We have examined the instructions and find no error was committed in the giving of them.

The judgment of the criminal court will therefore be affirmed.

*Judgment affirmed.*