The People of the State of Illinois, Defendant in Error,
v. John Niederhauser, Plaintiff in Error.

Gen. No. 8,201.

1930. Heard in this court at the May term, 1930. Opinion filed September 24, 1930.

JOHN R. SNIVELY, for plaintiff in error.

WILLIAM D. KNIGHT, State's Attorney, and A. B. LOUISON, Assistant State's Attorney, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Plaintiff in error was indicted, tried and convicted in the circuit court of Winnebago county on an indictment charging him, together with William Alonzo Bridges, George E. Wolfe and Roy Bittner, with conspiracy.

The indictment consisted of three counts. The first count charged that plaintiff in error and the others of said parties "unlawfully, wickedly and maliciously did conspire, combine, confederate and agree together, unlawfully, feloniously and violently, by force and intimidation, the money of the Seward State Bank, a corporation, from the person and immediate presence of the persons then and there having the custody and charge of said money, to take, steal, rob and carry away." The second count was substantially the same as the first, except that it also set forth in some detail the means used and the things done in connection with said charge of conspiracy. The third count charged that said parties "did conspire, combine, confederate and agree together, unlawfully to feloniously steal, take and carry away the money of the Seward State Bank, a corporation, the same being lawful money of the United States of America, of great value, a more particular description of which said money, and the precise amount and value of which is to the grand jurors here unknown," etc.

The verdict returned by the jury found plaintiff in error guilty and fixed "the punishment at imprisonment in the penitentiary as provided by law." Motions for new trial and in arrest of judgment were made by plaintiff in error, which motions were overruled. The court rendered judgment that plaintiff in error be confined in the penitentiary for a period of not less than one nor more than five years, and that he pay a fine of $1,000 and one-third of the costs of said proceeding. To reverse said judgment, this writ of error is prosecuted.

It is first contended that the court erred in overruling a motion made at the October, 1929, term of said court, to dismiss said proceedings as to plaintiff in error for want of prosecution.

The affidavit filed in support of said motion set forth that on May 31, 1929, plaintiff in error was arrested and committed to the county jail; that an indictment was returned against him and the others of said parties on June 20, 1929, and he was arraigned on June 21, 1929, being at the April term of said court; that on April 10, 1929, one of the regular days of said April term, it was ordered that a special term be called to convene on July 1, 1929; "that said term of said court had jurisdiction of said offense, and that said case was not brought to trial at said special July term of this court"; that plaintiff in error had been continuously confined to said county jail and had not been admitted to bail; "that said delay has not been caused by any application on his part, nor has he done anything at any of said terms of court to delay the trial of his said case."

Said motion was denied, and the ruling thereon is assigned as error. It is insisted that, under the provisions of section 18, Division XIII of the Criminal Code, Cahill's St. ch. 38, ¶ 771, plaintiff in error should have been tried at said special term; that, not having been so tried, he was entitled to be discharged.

Sections 10 and 11, Cahill's St. ch. 37, ¶¶ 91 and 92, provide as follows:

"If a special term is appointed at a regular term, an order to that effect shall be entered on the records of the court.

"If the appointment or call of such special term specifies the causes or particular matters that will be heard at such term, the business of such term shall be confined to such causes or matters. If no specification is made, the term shall be deemed to be for the trans-

.action of all business that may be done at a regular term.''

Section 13 of said chapter provides that when a special term is called, notice thereof shall be given by the clerk, which ''notice shall state the time and place of holding the court, and, in general terms, what matters may be heard at such term.''

Section 16 of said chapter provides, among other things:

''Unless otherwise directed by the court or judge, or judges, a grand and petit jury shall be summoned to attend such special term, in like manner as if the same were a regular term.''

The order calling said special July term provided ''that no jury shall be called for said term.'' The notice given by the clerk as to said special term stated that ''no jury will be called for said term.''

In *People v. Pueschell*, 337 Ill. 84, the court at page 94, in discussing the provisions of said statute as applied to a special term, says:

''The regular terms of the circuit court of Lake county began on the first Mondays of March, October and December. The plaintiff in error was committed on May 19, 1927, and hence there was no term of the court which had jurisdiction of the offense charged within four months of that date. The first term succeeding the commitment of the plaintiff in error was the October term. A special term was convened on the 2nd day of May, 1927, seventeen days before the plaintiff in error was committed, but the order by which the term was called expressly provided that no grand or petit jury should be summoned for it. . . . No petit jurors were drawn for the special term.''

A special term of court must be called at a regular term, at which time the court calling such term has the power to order that neither a grand nor a petit jury shall be called at such special term. When such an

order is made, the business to be transacted at such special term is thereby limited to matters which do not require a trial by jury. The court would have no power at the special term to enlarge the scope of its business, which was fixed by the order calling it, entered at the prior regular term. We therefore hold that the court did not err in denying said motion.

It is next contended that the court erred in overruling the motion to quash said indictment and each count thereof. As to the first and second counts, it is insisted that the same are fatally defective for the reason that they fail to disclose the names of the persons referred to, and that it is not averred that the money mentioned therein was lawful money of the United States, or that it had a value.

Neither the first nor the second count of the indictment names the persons whom it is alleged plaintiff in error and the other of said defendants conspired to rob. Neither do they state that the names of such persons were to the grand jurors unknown. We therefore hold that each of said counts is fatally defective in this respect, and that the court erred in overruling the motion to quash said counts. *Lowell v. People,* 229 Ill. 227–236; Wharton's Crim. Law, vol. 2, sec. 1396.

We do not think the other objection urged against said counts is well taken, as the statute provides that "robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another, by force or intimidation." It is not necessary to aver or prove the value of the money alleged to have been taken in a charge of robbery. Neither would this be necessary in a charge of conspiracy to commit robbery. "The word 'money,' in its generic sense, covers everything which by common consent is made to represent property, and passes currently from hand to hand." *People v. Clark,* 256 Ill. 14–23; *People v. Jordan,* 303 Ill. 316–318. The court did not err in

overruling the motion to quash as to the third count. In fact, no complaint is made in the argument of counsel as to said count.

It is next insisted that the court erred in permitting the witness Walter Julian to testify, over objection, to his conversation with one Nello Lazzerini, held out of the presence of plaintiff in error. Lazzerini was not named in the indictment as a co-conspirator, nor was it averred that there were any conspirators whose names were unknown. The court erred in overruling the objection to said testimony. *Sullivan v. People,* 108 Ill. App. 328–337.

In this connection it is also insisted that the court erred in admitting statements made by the defendant Bridges, after his arrest, out of the presence of plaintiff in error, over his objection.

Where the evidence discloses that a conspiracy exists, then all that is said and all that is done by any of the conspirators in furtherance of the common design, is admissible in evidence against all of said conspirators, even though they were not present at the time such things were done or said by their confederates. *Spies v. People,* 122 Ill. 1–237. This rule, however, does not extend to making confessions by one co-conspirator admissible in evidence against another, over his objection, as one person cannot confess for another. *People v. Anderson,* 239 Ill. 168–180; *People v. Buckminster,* 274 Ill. 435–444; *People v. Young,* 316 Ill. 508–511; *People v. Swift,* 319 Ill. 359–364; *People v. Sweetin,* 325 Ill. 245–252; *People v. Barragan,* 337 Ill. 531–536. Neither are narrative statements made by a conspirator with reference to what has been done and said by himself or his co-conspirators, admissible against the others. *Spies v. People, supra.*

Counsel for defendant in error insists that the confession or statement by Bridges did not refer to plaintiff in error by name. While this is true, still, upon the objection being made, the court should have dis-

tinctly informed the jury that nothing in the alleged confession of Bridges should be taken as any evidence against any of the other defendants.

"The rule is that evidence of admissions or confessions of a codefendant is competent on a joint trial where such evidence is limited in its application by the ruling of the court and by instructions to the codefendant making the confession or admission." *People v. Swift, supra,* 364, citing *People v. Buckminster, supra; People v. Anderson, supra; Crosby v. People,* 137 Ill. 325; *Ackerson v. People,* 124 Ill. 563.

The court erred in failing to so limit the effect of such admission, and we are not prepared to say that such error was not prejudicial.

It is next insisted that there was no competent proof that the Seward State Bank was a corporation, and that such proof was necessary to support the averments of the indictment.

Corporate existence may be proved either by its charter or certificate of incorporation, or by user. Neither character of proof was made in this case. George N. Chambers testified that he was the cashier of the Seward State Bank; that H. S. Smith was president, S. P. Halsey vice president, and Jeannette Smith was assistant cashier. He was asked this question: "Witness, I will ask you if on the 31st day of May of this year the Seward State Bank at Seward, Illinois, was doing business as a corporation under the laws of the State of Illinois?" An objection to this question was overruled and the witness answered: "It was." He was then asked: "For how long a period of time had it been doing business as such corporation?" Over objection, he answered: "The bank was organized in the spring of 1921." He was then asked: "And it has been doing business as a corporation since that time?" He answered, "It has." He was also asked: "What is the corporate name of the Seward

State Bank?'' He answered: ''Seward State Bank of Seward, Illinois.''

These statements of the witness were in the nature of conclusions, and the court erred in overruling the objection to said questions and in failing to strike the answers. There was no proof of corporate user. There was, therefore, no competent evidence of the incorporation of the Seward State Bank. *People v. Fryer,* 266 Ill. 216–220; *People v. Krittenbrink,* 269 Ill. 244–245; *People v. Struble,* 275 Ill. 162–165; *People v. Pernalsky,* 334 Ill. 38, 39. This being an essential part of the People's case, the court erred in overruling the motion for a new trial.

It is also insisted that prejudicial error occurred in the opening argument of the assistant State's Attorney. The argument complained of was unwarranted. The court, however, sustained an objection to the same. In view of the admission made by counsel for defendant in error that the argument was not proper, it will, in all probability, not occur on the retrial of the case. It is therefore unnecessary for us to further discuss the same.

It is also insisted that the court erred in giving the eleventh, twelfth and sixteenth instructions given on behalf of the People, and in giving the instruction as to the form of the verdict.

As to the eleventh and twelfth instructions, it is contended that these instructions in effect singled out the witness Bittner and classified him as an accomplice. Bittner was one of the parties indicted. We are not prepared to say that the evidence did not warrant the jury in finding that he was a co-conspirator. The court did not err in giving said instructions.

It is contended that the effect of instruction No. 16 and the instruction as to the form of the verdict, was to allow the jury to find any one of said defendants guilty and the others not guilty, whereas, if there was a conspiracy, the jury must have found more than one

defendant guilty. Conceding the correctness of plaintiff in error's contention with reference to the law, his interests were not prejudiced by the giving of said instructions, but were rather benefited thereby, and he is in no position to complain as to the giving of said instructions.

It is next insisted that the court erred in refusing to give plaintiff in error's refused instructions No. 1, 2, 3, 4, 5, 6 and 7. Plaintiff in error's first refused instruction was with reference to the proof necessary to be made of the corporate existence of the Seward State Bank. No instruction was given covering this matter, and it was a subject on which the jury should have been instructed. However, the instruction tendered was not carefully guarded, as its effect was to submit to the jury mixed questions of law and fact, and for that reason we are not prepared to say that the court erred in refusing the same. As to the other refused instructions complained of, it is only necessary to say that, so far as said instructions stated correct principles of law, they were covered by the given instructions.

Lastly, it is insisted that the court erred in imposing a fine in addition to the penitentiary sentence, the jury not having found that a fine should be imposed. Counsel for defendant in error practically concedes that the imposition of a fine was not warranted, but insists that the fine may be disregarded. As the cause will have to be reversed and remanded, it is not necessary for us to discuss this question. It is only necessary to say that the imposition of such fine was erroneous. Cahill's St. ch. 38, ¶ 781; *Shields v. People,* 132 Ill. App. 109–139; *People v. Schneider,* Gen. No. 8,085 (opinion filed in this court July 7, 1930.)

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*