(No. 33320.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROSE GORDON, Plaintiff in Error.

*Opinion filed January 21, 1955—Rehearing denied March 22, 1955.*

STEWART D. SPITZER, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and FRANK H. MASTERS, JR., State's Attorney, of Joliet, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The plaintiff in error, Rose Gordon, was convicted by a jury in the circuit court of Will County of larceny of two suits of clothing, the property of The Eagle, a cor-

poration, a clothing store in the city of Joliet. The court overruled her motions for a new trial and in arrest of judgment and sentenced her to a term of imprisonment of not less than nine nor more than ten years.

The State's evidence, briefly summarized, tended to show that the plaintiff in error was in The Eagle store on the evening of December 20, 1952, in company with a man. One witness testified he saw this man take two men's suits from a rack in the store and put them under plaintiff in error's coat. Two other witnesses testified they saw plaintiff in error leaving the store, her coat was bulky and it appeared she had something concealed under it. An alarm was sounded and two police officers who were in the store ran after plaintiff in error and caught her in a nearby alley in possession of the suits. The only evidence offered by the defendant was one witness who testified as to the value of the suits.

Plaintiff in error's writ of error to this court presents the sole question, as stated in her brief, "The People failed to prove that the ownership of the property alleged to have been stolen was in the Eagle, a corporation, as charged in the indictment." Specifically, she contends that the court erred in permitting the president of the corporation to testify, over her objection, that the corporation was the owner of the property because it is a well-established rule of law that corporate existence cannot be proved by oral testimony. *People* v. *Struble,* 275 Ill. 162; *People* v. *Krittenbrink,* 269 Ill. 244.

It is difficult to determine precisely what plaintiff in error's contentions are. In the assignment of errors she states this objection in this manner: "The People failed to prove the existence of the corporation named in the indictment from whom the property was alleged to have been stolen." There is nothing in the assignment of errors about failure to prove ownership. In her brief, under Points Relied Upon For Reversal, she states the objection

thus: "The People failed to prove that the ownership of the property alleged to have been stolen was in The Eagle, a corporation, as charged in the indictment." To clarify her contention she states in her reply brief: "It is our contention that when objection was made by counsel for the defendant to the proof of ownership of the merchandise by opinion evidence, it was incumbent upon the People to prove the existence of the corporation by the introduction of the charter of the corporation or a certified copy thereof, or by proving user."

A restatement of the testimony on corporate existence and ownership will present the issue. Frank J. Turk, the People's first witness, testified as follows:

"Q. Will you state your name, please?

A. Frank J. Turk.

Q. Where do you live, Mr. Turk?

A. 959 Western Avenue.

Q. Mr. Turk, are you connected with The Eagle Company?

A. I am.

Q. And in what capacity?

A. I am president of the corporation.

Q. And does The Eagle, a corporation, operate the Eagle Store?

A. It does.

Q. And where is the store located?

A. 212 North Chicago Street.

Q. In the City of Joliet?

A. Yes, that is right.

Q. And what County?

A. Will County.

Q. Mr. Turk, what is the business of the Eagle Store?

A. Selling at retail of furniture and clothing, men's clothing.

Q. And how long has it so been in business?

A. About sixty years."

No objection was made by defendant's counsel to any of these questions and answers. Witness William Shimshok testified that he saw a man take two suits from a rack in the store and put them under plaintiff in error's coat. A police captain testified that he apprehended plaintiff in error a short distance from the store in possession of two suits. Frank J. Turk was recalled and questioned as follows:

"Q. Will you state your name?

A. Frank J. Turk.

Q. And you are the same Mr. Turk who was here this morning to testify for the People?

A. That is right.

Q. I believe you testified that you are the President of The Eagle, a corporation?

A. That is right.

Q. And I believe also that you testified that The Eagle, a corporation, has operated The Eagle Store on North Chicago Street in the City of Joliet, Will County, Illinois, for some sixty years?

A. That is right.

\* \* \*

Q. I will ask you to examine Plaintiff's—People's Exhibits 9 and 10 for identification—examine them if you will, please. Will you first tell me, Mr. Turk, as to whether these two suits, People's Exhibits 9 and 10 for identification, nine in my left hand and ten in my right hand, were the suits of clothing that Captain Belfield brought back with this woman?

A. They were the suits of clothing.

Q. Will you tell me, if you know, Mr. Turk, to whom these suits of clothing belong?

A. They belong to the Eagle Store.

Q. Who was the owner on December 20, 1953, of these suits of clothing?

Mr. Dimas: Objection.

The Court: Overruled. He may answer if he knows.

A. The Eagle.

Q. The Eagle, a corporation?

A. Right.

Q. And does the Eagle, a corporation, run the Eagle Store?

A. It does.

Q. And that corporation and store, you have testified, has been in the clothing business for sixty years?

A. That is right."

The single word "objection" following the question "Who was the owner on December 20, 1953, of these suits of clothing?" is the only time and only manner by which the issues of corporate existence or ownership were raised in this record prior to the motion for a new trial. Designating the date in this question as 1953 instead of 1952 was obviously a slip of the tongue by counsel and considered in its context is of no importance. Over this general objection the witness was permitted to answer: "The Eagle, a corporation." Thus is the sole issue presented before us.

Where ownership of stolen property is alleged to be in a corporation the legal existence of the corporation is a material fact and must be proved. (*People* v. *Krittenbrink,* 269 Ill. 244.) Such proof may be made by introducing the charter of the corporation or a certified copy thereof (*Sykes* v. *People,* 132 Ill. 32,) or by proving user to establish a *prima facie* case of the corporation's existence. (Ill. Rev. Stat. 1953, chap. 38, par. 737; *People* v. *Panczko,* 381 Ill. 625.) But it has been held by this court a sufficient number of times to become a well-established rule that proof of corporate existence may be shown by oral testimony if no objection is made to that method of proof. *People* v. *Burger,* 259 Ill. 284; *People* v. *Fitz-*

*gerald,* 297 Ill. 264; *People* v. *Buckman,* 279 Ill. 348; *People* v. *Goldstein,* 368 Ill. 50; *People* v. *Panczko,* 381 Ill. 625; *People* v. *Oleszkrivicz,* 337 Ill. 342.

It is evident, in the instant case, that the record contained proof, made without objection, that the witness Turk was president of The Eagle company, that it was a corporation; and that it had operated The Eagle store for sixty years. The corporate existence of The Eagle store was thus established before any objection was made and having been once established that corporate existence could not be challenged when the State sought to prove ownership of the stolen propety. The only question then remaining was whether the established corporation was or was not the owner, and we know of no rule of law requiring proof other than a mere statement of ownership of chattel property, where there is no proof to the contrary. *People* v. *Leggio,* 329 Ill. 514.

It is suggested in the briefs that the use of the word "belong" is not necessarily a term of "ownership." Webster's International Dictionary, Second Edition, defines "belong" as: "2. To be the property (of); as, the book belongs to me." In *Gammon* v. *Gammon,* 153 Ill. 41, this court said that "to be the property of" was the primary, common and ordinary meaning of the word.

In addition to the testimony of the president of the corporation that the stolen property belonged to the corporation, the testimony of the other witnesses showed the stolen suits were taken from a rack in the store and carried by defendant, concealed under her coat, to an alley outside the store and away from the possession of the store. This is ample proof of ownership of property alleged to be the subject matter of a larceny. *People* v. *Fitzgerald,* 297 Ill. 264.

The defendant relies upon *People* v. *Struble,* 275 Ill. 162, and *People* v. *Krittenbrink,* 269 Ill. 244. In each of these cases the witness was asked how the company oper-

ated its business and in each the answer was "as a corporation." The court said in the *Struble case* that the witness's statement that the company did business as a corporation was not proof that it was a corporation, stating, at page 164, "It is a matter of common knowledge that partnerships frequently do business 'as a corporation'; —that is, like a corporation, through directors and persons selected as officers and managers." The court distinguished *People* v. *Burger,* 259 Ill. 284, where the witness's statement was that Marshall Field & Co. was a corporation. In the instant case the testimony was that The Eagle company was a corporation, not that it did business "as a corporation" and the *Struble* and *Krittenbrink cases* are not in point.

The corporate existence of the alleged owner and the ownership of the stolen property were abundantly established and the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*